# UNITED STATES *v.* SMITH, U. S. DISTRICT JUDGE, ET AL.

No. 498.   Argued March 11, 1947.—Decided June 2, 1947.

*Assistant to the Attorney General McGregor* argued the cause for the United States.   With him on the brief were *Acting Solicitor General Washington, Sewall Key* and *Melva M. Graney.*

*Robert T. McCracken* argued the cause for Memolo, respondent.   With him on the brief were *Stanley F. Coar* and *C. Russell Phillips.*

No appearance for Smith, United States District Judge, respondent.

MR. JUSTICE JACKSON delivered the opinion of the Court.

The United States in this case sought writs of mandamus and prohibition from the Court of Appeals directed to the judges of the District Court for the Middle District of Pennsylvania to require that an order by which a new trial was granted to one John Memolo be vacated.

Memolo was convicted of tax evasion after jury trial before Judge William F. Smith. Three days later Memolo filed a motion for new trial and was given leave to file reasons in its support. He filed fifty-four reasons, such as the trial court's denial of continuance, of motion to quash the indictment, of motion for a bill of particulars, and of motion for a directed verdict. He complained also of the court's action in discharging some of the petit jurors, in admission and exclusion of evidence, in instructing the jury, and in conduct toward defendant and his counsel said to have been prejudicial. On the same day, Judge Smith denied the motion and sentenced Memolo to three years imprisonment and fines.

Memolo appealed, assigned as errors all of the motion grounds and, in addition, the denial of the motion for new trial. The Court of Appeals for the Third Circuit affirmed with a *per curiam* opinion declaring that it could perceive no substantial error in the proceedings. *United States* v. *Memolo,* 152 F. 2d 759. Petition for certiorari was denied by this Court, *Memolo* v. *United States,* 327 U. S. 800. Therefore, the Court of Appeals issued its mandate of affirmance and, in the conventional form, commanded that "such execution and further proceeding be had in said cause, as according to right and justice, and the laws of the United States, ought to be had, the said appeal notwithstanding." Memolo was then taken into custody and, on April 8, 1946, imprisoned in a federal penitentiary.

The following day the Clerk of the District Court received from Judge Smith an order dated April 8th "that judgment heretofore entered be vacated and that the verdict heretofore returned be set aside, and that a new trial be granted the defendant." It was accompanied by a "memorandum" reciting the history of the case and that "This Court, while the appeal was pending, reconsidered the grounds urged by the defendant in support of his motion for a new trial. It is our opinion upon this reconsideration that in the interest of justice a new trial should be granted the defendant." It assigned no more particular ground for the order. Memolo was thereupon released from the penitentiary on bail.

On the Government's petition to the Court of Appeals for writs directing that the order be vacated, Memolo was allowed to intervene. Judge Smith also answered asserting that his order "was in accordance with the mandate of this Court and was authorized by the Rules of Criminal Procedure of 1946, effective March 21, 1946, particularly Rule 33 thereof." He referred to his memorandum but did not further elucidate his reasons for granting a new trial. On consideration, the court below sitting *en banc* denied the petition for writs of mandamus and prohibition. 156 F. 2d 642. Two of the five judges dissented.

The mandate which the appellate court returned to the District Court was in the conventional and long-used form adapted to all appealed causes and contained no special directions peculiar to this case. It was neutral on the issues here raised and nothing in its terms either expressly authorized or prohibited the order for new trial. The power of the District Court to make such an order turns entirely on the Rules of Criminal Procedure cited and relied upon by Judge Smith.

472

Rule 33 provides:

"NEW TRIAL. The court may grant a new trial to a defendant if required in the interest of justice. If trial was by the court without a jury the court may vacate the judgment if entered, take additional testimony and direct the entry of a new judgment. A motion for a new trial based on the ground of newly discovered evidence may be made only before or within two years after final judgment, but if an appeal is pending the court may grant the motion only on remand of the case. A motion for a new trial based on any other grounds shall be made within 5 days after verdict or finding of guilty or within such further time as the court may fix during the 5-day period."

The first sentence of this rule is declaratory of the power to grant a new trial "in the interest of justice" instead of for reasons catalogued as they might have been.[1] The generality of the reasons assigned by Judge Smith for the order in question is all that is required. But this sentence says nothing of the time within which the court must act or of the effect of an intervening appeal and affirmance

---

[1] Section 269 of the Judicial Code, 28 U. S. C. § 391, provides less generally that "All United States courts shall have power to grant new trials, in cases where there has been a trial by jury, for reasons for which new trials have usually been granted in the courts of law." That section, like Rule 33, does not expressly put a limit of time on the power granted, yet it was never suggested that it gave district courts power to grant a new trial at any time. It may be said that the term rule applied, but the first sentence of § 269 might as readily have been interpreted as an exception to that rule as the first sentence of the present rule may be construed to be restricted by no period of time.

It may be worthy of note that Rule 33 provides that a court may *grant* a new trial *to* a defendant, and does not say that the court may *order* a new trial.

on the power. Such time provisions as there are relate to filing of motions by the defendant.

The last sentence of the rule, which puts a five-day limit on motions for new trial on any ground other than newly-discovered evidence, was suggested by the law as it stood before adoption of the new Rules. Generally speaking, the power of a court over its judgments at common law expired with the term of court. *United States* v. *Mayer,* 235 U. S. 55, 67–69. There was, however, a three-day limitation on the right to move for a new trial. Rule II, Criminal Appeals Rules of May 7, 1934, 292 U. S. 662, 18 U. S. C. § 688. Rule 33, in its last sentence, extended that period to five days, and otherwise extended the time in which to move for new trial because of newly discovered evidence. The limitation by expiration of the term was repealed by Rule 45 (c).

It is now said that because the literal language of the Rule places the five-day limit only on the making of the motion, it does not limit the power of the court later to grant the motion, and the power survives affirmance of the judgment by appellate courts. Briefly, Judge Smith thought and intervenor argues that the rule prevents a defendant from asking the court to grant a new trial after the times specified, but that it permits the judge to order retrial without request and at any time. The result, in view of annulment of the term limitation,[2] would be that the power of the trial court to grant new trials on its own

[2] Before the new Rules, there was no question that the power of the trial judge to grant a new trial was limited by the duration of the term. *United States* v. *Mayer, supra.* If the Rules had extended that power indefinitely, it would seem that considerable comment on this fundamental change would have been called forth. Yet hardly anyone suggested that Rule 33 means what respondent contends it does. But *cf.* Stewart, *Comments on Federal Rules of Criminal Procedure,* 8 John Marshall L. Q. 296, 303. The Rules, in abolishing the term rule, did not substitute indefiniteness. On the contrary, precise times, independent of the term, were prescribed. The policy

motion lingers on indefinitely. There are several reasons why this construction of the Rules is not acceptable.

It is not the function of appellate courts to review tentative decisions of trial courts. The Circuit Court of Appeals had no jurisdiction to review the denial of the motion for a new trial unless the denial was "final." Judicial Code § 128 (a), 28 U. S. C. § 225 (a). Question of finality would be raised if the trial court, while formally denying the motion for new trial on the record, reserves the right to change its mind after the opinion of an appellate court has been elicited. In this case the Court of Appeals reviewed fifty-four specifications of error and found none to warrant reversal. All of this was but vain if the trial court was to act as its own reviewing body or if it had not reached a conclusive determination of the orders being appealed. Such a practice would authorize the appellate process to be exercised in an advisory capacity while the trial court, regardless of appellate decision, could set aside all that was the basis of appeal.

Moreover, it would be a strange rule which deprived a judge of power to do what was asked when request was made by the person most concerned, and yet allowed him to act without petition. If a condition of the power is that request for its exercise be not made, serious constitutional issues would be raised. For it is such request which obviates any later objection the defendant might make on the ground of double jeopardy. *Murphy* v. *Massachusetts,* 177 U. S. 155, 160; *cf. Ex parte Lange,* 18 Wall. 163. This intervenor, for example, has been tried, convicted and imprisoned and has served some, although little, time on the sentence of the court. After remand of his case, he made no further motion for a new trial and could make none. It is not necessary for us now to decide whether

of the Rules was not to extend power indefinitely but to confine it within constant time periods. See Notes to Rules of Criminal Procedure, Rule 45.

his retrial on the court's own motion would amount to double jeopardy.[3] That a serious constitutional issue would be presented by such a procedure is enough to suggest that we avoid a construction that will raise such an issue.

For yet another reason, we would be reluctant to hold that the court has a continuing power on his own initiative to grant what the defendant has not the right to go into open court and ask. To approve the practice followed in this case would almost certainly subject trial judges to private appeals or application by counsel or friends of one convicted. We think that expiration of the time within which relief can openly be asked of the judge, terminates the time within which it can properly be granted on the court's own initiative. If the judge needs time for reflection as to the propriety of a new trial, he is at liberty to take it before denying a timely made motion therefor.

Support for the interpretation urged by respondent rises from fear of miscarriage of justice. New trials, however, may be granted for error occurring at the trial or for reasons which were not part of the court's knowledge at the time of judgment. For the latter, the Rules make adequate provision. Newly-discovered evidence may be made ground for motion for new trial within two years after judgment. Rule 33. For the former, *habeas corpus* provides a remedy for jurisdictional and constitutional errors at the trial, without limit of time. *Johnson* v. *Zerbst,* 304 U. S. 458; *Walker* v. *Johnston,* 312 U. S. 275; *Waley* v. *Johnston,* 316 U. S. 101; *Adams* v. *United States ex rel. McCann,* 317 U. S. 269. Possibility of unredressed injustice therefore remains only in prejudicial happenings during trial.[4] The trial judge is given power by the Rules

---

[3] Nor need we decide whether his intervention in this case in support of the trial judge's power amounts to a consent to a second trial.

[4] Although this Court has reserved decision on whether the federal district courts are empowered to entertain proceedings in the nature

to entertain motions for new trial within five days after verdict and may extend that time for so long as he thinks necessary for proper consideration of the course of the trial. But extension of that time indefinitely is no insurance of justice. On the contrary, as time passes, the peculiar ability which the trial judge has to pass on the fairness of the trial is dissipated as the incidents and nuances of the trial leave his mind to give way to immediate business. It is in the interest of justice that a decision on the propriety of a trial be reached as soon after it has ended as is possible, and that decision be not deferred until the trial's story has taken on the uncertainty and dimness of things long past.

A majority of the Court of Appeals thought it a shocking suggestion that on mature reflection a District Judge may not correct an injustice because his first reaction was different. We doubt if many cases will occur in which very shocking injustices will survive after the trial court denies a motion based on detailed recital of grounds for new trial and a Court of Appeals affirms. This possibility seems too remote to induce us to hold that a trial court's denial of a new trial, affirmed on appeal, has no finality and that a trial judge may, even after service of a sentence has begun, set the whole proceedings aside and start over— if indeed a new start would not also be forbidden.[5]

---

of *coram nobis* "to bring before the court that pronounced the judgment errors in matters of fact which had not been put in issue or passed upon and were material to the validity and regularity of the legal proceeding itself . . .," *United States* v. *Mayer,* 235 U. S. 55, 68, it is difficult to conceive of a situation in a federal criminal case today where that remedy would be necessary or appropriate. Of course, the federal courts have power to investigate whether a judgment was obtained by fraud and make whatever modification is necessary, at any time. *Universal Oil Co.* v. *Root Refining Co.*, 328 U. S. 575.

[5] When the draftsmen of the Rules of Civil Procedure, adopted long before the Criminal Rules, wanted to give the trial judge power to grant a new trial on his own initiative, they did so in express words. Rule 59 (d), Rules of Civil Procedure.

We hold that the Government was entitled to the relief sought. The judgment is accordingly reversed with direction that writs issue to effect vacation of the order for new trial.

*Judgment reversed.*