UNITED STATES of America, Plaintiff,

v.

Ervin J. HANKS, Defendant.

No. CR 85–30–H–CCL.

United States District Court,
D. Montana,
Helena Division.

May 1, 1986.

Klaus P. Richter, U.S. Atty., Billings, Mont., for plaintiff.

Samuel Coon, Missoula, Mont., for defendant.

## MEMORANDUM AND ORDER

LOVELL, District Judge.

Defendant Ervin J. Hanks was tried before a jury and convicted of seven counts of willful failure to file federal income tax returns. 26 U.S.C. § 7203. The jury returned its verdict on February 12, 1986.

This case comes before the Court on defendant's motion for a new trial. Rule 33, Fed.R.Crim.P. The motion was filed on April 16, 1986 and the issues have been briefed. Defendant advances four grounds in support of a new trial: (1) the Court erred in denying his motion for acquittal at the conclusion of the evidence; (2) the verdict is contrary to the weight of the evidence; (3) the verdict is not supported by substantial evidence; and (4) the Court erred in failing to instruct the jury that defendant's conduct could not be deemed willful if he believed in good faith that he was not required by law to file a tax return.

 Rule 33 of the Federal Rules of Criminal Procedure allows a district court, upon motion by a defendant, to grant a new trial "if required in the interest of justice." The rule sets forth explicit time limits for such motions: a motion based on "newly discovered" evidence must be made within two years of final judgment while a motion on any other grounds must be made within seven days after verdict or finding of guilty. The language of Rule 33 is plain and unambiguous. The time limits imposed by Rule 33 are jurisdictional. *United States v. Lara-Hernandez,* 588 F.2d 272, 275 (9th Cir.1978); *Marion v. United States,* 171 F.2d 185, 186 (9th Cir.1948). The other federal courts interpret Rule 33

in a similar manner.[1] Thus, if a Rule 33 motion is not timely filed, the district court lacks authority to consider it.

█ In the instant case, defendant's motion for a new trial was filed 63 days after the jury returned its verdict. Defendant made no request to extend the time limit within seven days after the verdict, and the Court is not empowered to grant such an extension outside the seven-day period. *United States v. Smith*, 331 U.S. 469, 67 S.Ct. 1330, 91 L.Ed. 1610 (1947); *United States v. Beran*, 546 F.2d 1316, 1318 (8th Cir.1976), *cert. denied*, 430 U.S. 916, 97 S.Ct. 1330, 51 L.Ed.2d 595 (1977). Since defendant's motion for a new trial is untimely, I am clearly without jurisdiction to act on it.

Nevertheless, I have considered the grounds advanced by defendant in support of his motion and have concluded that none warrants the relief sought. My review of these grounds was prompted by an abundance of concern for the rights of the defendant, who resisted efforts by the Court to afford him the assistance of counsel and who represented himself during the pretrial and trial stages of this case.[2]

█ Only one of the four grounds advanced in support of the motion for new trial calls for further comment.[3] Defendant contends the Court erred in failing to give the jury a good faith defense instruction. Willfulness is an element of the offense set forth in 26 U.S.C. § 7203. The jury was so instructed. The Court further instructed the jury that "willfully," in the context of a criminal tax case, means the "intentional violation of a known legal duty." The jury also was instructed that the term "willfully" means "voluntarily,

purposefully, deliberately and intentionally, as distinguished from accidentally, inadvertently or negligently."

█ In light of the Court's instructions on the element of willfulness, no additional good faith defense instruction was required. *See, e.g., United States v. Pomponio*, 429 U.S. 10, 13, 97 S.Ct. 22, 24, 50 L.Ed.2d 12 (1976); *United States v. Moore*, 627 F.2d 830, 833 (7th Cir.1980). The evidence adduced at trial warranted no further elaboration on defendant's alleged "good faith belief" that he was not required by law to file an income tax return. A defendant is not entitled to specific instructions concerning his theory of the case if such theory has no foundation in the evidence. *See, e.g., United States v. Echeverry*, 759 F.2d 1451, 1455 (9th Cir. 1985). In summary, even if the Court had jurisdiction to rule on defendant's motion for a new trial, defendant would not succeed on the merits.

For the reasons stated above,

IT IS ORDERED that defendant's motion for a new trial is DENIED for lack of jurisdiction pursuant to Rule 33, Fed.R. Crim.P.

---

**1.** *See, e.g., United States v. Dukes*, 727 F.2d 34, 38 (2d Cir.1984); *United States v. Fontanez*, 628 F.2d 687, 691 (1st Cir.1980); *United States v. Hamilton*, 457 F.2d 95, 99–100 (3d Cir.1972); *United States v. Salpeter*, 502 F.Supp. 1071, 1079–1080 (D.Del.1980); *United States v. Turner*, 490 F.Supp. 583, 595 (E.D.Mich.1979).

**2.** The Court notes that defendant did retain private counsel to assist him at sentencing and other post-trial proceedings.

**3.** The Court finds that the first three grounds for relief have been adequately addressed in its denial of defendant's oral motion for judgment of acquittal at the conclusion of the evidence and in its memorandum and order of April 9, 1986 denying defendant's motion for arrest of judgment.