Terry K. Sherman, Columbus, OH, for defendant.

**UNITED STATES of America, Plaintiff,**

v.

**Craig S. HOUSTON, Defendant.**

**No. 3:93CR746.**

United States District Court,
N.D. Ohio,
Western Division.

Nov. 9, 1994.

**ORDER**

CARR, District Judge.

This is a criminal case in which the defendants waived trial by jury. Pending is a motion by the defendant Craig S. Houston pursuant to Fed.R.Crim.P. 29 for entry of a judgment of acquittal as to two counts on which he was convicted. The government opposes the motion on the basis that it was not timely filed and on its merits.

For the reasons that follow, I conclude that the motion was not timely. It shall, accordingly, be overruled without consideration of its merits.

■ Rule 29(c) of the Federal Rules of Criminal Procedure states that a motion for judgment of acquittal "may be made or renewed within 7 days after the jury is discharged or within such further time as the court may fix during the 7–day period." The requirement of timely filing is jurisdictional, and a district court is without jurisdiction to rule on the merits of an untimely motion for acquittal. Wright, 2 Federal Practice & Procedure 2d Sec. 465 n. 2 (1982) (citing cases). A district court has no authority to enter a judgment of acquittal sua sponte outside the time limit set by Rule 29(c). *United States v. Davis,* 992 F.2d 635 (6th Cir.1993).

■ Trial in this case was to the court, not to a jury. Thus a question arises about the applicability of Rule 29(c), which speaks only in terms of post-verdict motions in jury trials. Omission from that rule of reference to nonjury trials does not, I conclude, help the defendant overcome the untimeliness of his motion.

The logic is simple: the rules do not provide any express discussion of post-verdict motions for judgment of acquittal in nonjury criminal cases. Absent such provision, such motions, it can be argued, are not allowed. This argument makes some sense in view of the requirement of Rule 23(c) that the judge in a bench trial is, on request, to make special findings of fact—i.e., to provide an explanation for his or her verdict. No such demand can, of course, be made of a jury. *Cf.* Fed.R.Evid. 606(b).

By granting the opportunity to defendants to call on the judge to develop special factual findings in the course of returning a bench-trial verdict, the drafters of the rules may have acknowledged the protection that such request gives against haphazard or conclusory findings. By asking for special findings, the defendant has a way of protecting himself from oversight on the judge's part.

Alternatively, the drafters of Rule 29 may have concluded that it would make little sense to require a trial judge to revisit the evidence under the guise of deciding a post-verdict motion for acquittal, in view of the review that the judge would necessarily have undertaken in the course of concluding that the defendant had been proven guilty beyond a reasonable doubt.

In light of these considerations, it is possible that the absence of reference to non-jury trials in Rule 29 was deliberate, and reflected a decision not to allow such motions in the context of a bench trial. In which case, there is no basis on which defendant can file the instant motion.

Alternatively, if omission of express authority cannot be viewed as deliberate, so that post-verdict motions for acquittal are permissible in cases tried to the court, it is appropriate, in my view, to look to the time limit set for such motions in a jury trial. Certainly there would be no justification to allow a longer period in a nonjury case than in a jury case.

Any inclination to do so would, in any event, have to overcome the Sixth Circuit's expression of disapproval concerning delayed consideration of motions for acquittal in *Davis, supra.* In that case, the court noted that "indefinitely extending the time for the trial court to act provides no insurance of justice." *Id.* at 639. Quoting from the Supreme Court's 1947 decision in *United States v. Smith,* 331 U.S. 469, 476, 67 S.Ct. 1330, 1334, 91 L.Ed. 1610 (1947), the court in *Davis* also stated, " 'as time passes, the peculiar ability with the trial judge has to pass on the fairness of the trial is dissipated as the incidents and nuances of the trial leave his mind to give way to immediate business.' " *Id.*

In light of the Sixth Circuit's express mention of that concern, I can perceive no basis on which more time should be granted in which to file a post-verdict motion for judgment of acquittal in a nonjury case than is given in a jury case.

In light of those considerations, I conclude that the defendant's motion for judgment of acquittal was not timely. Because a timely motion is jurisdictional, the merits of defendant's untimely motion shall not be considered.

It is, accordingly,

ORDERED THAT defendant's motion for judgment of acquittal be, and the same hereby is overruled.

So ordered.