UNITED STATES of America,
Plaintiff,

v.

Leonard PELTIER, Defendant.

Crim. No. C77–3003.

United States District Court,
D. North Dakota,
Southeastern Division.

Feb. 15, 2002.

Eric A. Seitz, Honolulu, HI, William Kirschner, Dona Ana County Legal Dept., Las Cruces, NM, for Leonard Peltier.

Lynn E. Crooks, U.S. Attorney's Office, Fargo, ND, for Plaintiff.

## MEMORANDUM AND ORDER

MAGNUSON, District Judge.

This matter is before the Court on Defendant Leonard Peltier's Renewed Rule 35 Motion to reduce the sentence imposed on him in 1977. Mr. Peltier originally filed a Rule 35 motion on June 22, 1979. That motion was denied on October 4, 1979. For the following reasons, the Court denies Peltier's Renewed Motion.

## BACKGROUND

A brief sketch of the otherwise notoriously convoluted procedural history of this case is sufficient for the purposes of this Motion. On June 1, 1977, following a five-week jury trial, Mr. Peltier was sentenced by Judge Paul Benson to two consecutive life terms in prison for the first degree murder of and aiding and abetting the first degree murder of two FBI agents. Mr. Peltier's conviction and sentence was affirmed on direct appeal. *See United States v. Peltier*, 585 F.2d 314 (8th Cir. 1978), *cert. denied* 440 U.S. 945, 99 S.Ct. 1422, 59 L.Ed.2d 634 (1979).

In June 1979, Mr. Peltier filed a motion pursuant to Fed.R.Crim.P. 35 to reduce his sentence. Shortly thereafter, however, Mr. Peltier escaped from prison. *See United States v. Peltier*, 693 F.2d 96 (9th Cir.1982). Once Mr. Peltier was captured, the court denied the Rule 35 motion on October 4, 1979.

In April 1982, Mr. Peltier filed his first motion under 28 U.S.C. § 2255 for a new trial. This motion was denied in December 1982. *See United States v. Peltier*, 553 F.Supp. 890 (D.N.D.1982). Mr. Peltier appealed, and on April 4, 1984, the Eighth Circuit granted a limited remand for an evidentiary hearing related to ballistics evidence used by the government during the trial. *See United States v. Peltier*, 731 F.2d 550 (8th Cir.1984). Following that evidentiary hearing, the district court again denied Mr. Peltier's motion for post-conviction relief. *See United States v. Peltier*, 609 F.Supp. 1143 (D.N.D.1985). Not surprisingly, Mr. Peltier appealed. Although the Eighth Circuit determined that "the prosecution withheld evidence from the defense favorable to Peltier," *United States v. Peltier*, 800 F.2d 772, 775 (8th Cir.1986), the court ultimately affirmed the district court. *See id.* at 779–80.

In 1991, Mr. Peltier filed another § 2255 motion alleging that during the oral arguments before the Eighth Circuit in 1985, the government changed its theory of the case. Essentially, Mr. Peltier argued

> that the government tried him and he was convicted solely on the theory that he personally shot the agents at point blank range; and that during the oral argument before [the Eighth Circuit], the government admitted that his conviction could not be sustained on that theory.

*Peltier v. Henman*, 997 F.2d 461, 465 (8th Cir.1993). Mr. Peltier's motion was denied by the district court. The Eighth Circuit affirmed, holding that

> (A) The government tried the case on alternative theories: it asserted that Peltier personally killed the agents at point blank range, but that if he had not done so, then he was equally guilty of their murder as an aider and abettor[; and] (B) [t]he government's statement at the prior oral argument, upon which Peltier relies, was not a concession that the government had not proved that Peltier had not killed the agents personally, and that Peltier's conviction could be sus-

tained only on an aiding and abetting theory.

*Id.*

On November 1, 2001, Mr. Peltier filed the instant Motion seeking to renew his original Rule 35 motion for reduction of sentence. The crux of Mr. Peltier's contention is that there have been several changes in circumstances since his original sentencing which should now be considered. Based on these changes, Mr. Peltier seeks to have his sentence reduced from two consecutive life sentences to two concurrent life sentences.

## DISCUSSION

### A. Timeliness and Jurisdiction

■ The threshold issue in this case is whether Mr. Peltier's current Motion is timely. When Mr. Peltier was sentenced, Fed.R.Crim.P. 35(b) provided, in pertinent part, that the district court could

> reduce a sentence within 120 days after the sentence [was] imposed, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction.

Although the rule "authorize[d] district courts to reduce a sentence ... [t]he [120–day requirement was] jurisdictional." *United States v. Addonizio,* 442 U.S. 178, 189, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). Nevertheless, "a majority of the circuits adhered to the view that the district courts retained jurisdiction for a 'reasonable time' beyond the 120–day period to consider timely filed Rule 35 motions." *In re Laurain,* 113 F.3d 595, 599 (6th Cir.1997) (citations omitted). Indeed, in the Eighth Circuit, "the defendant's filing of a Rule 35 motion within 120 days [was] the critical act entitling the trial courts to rule on the motion." *United States v. DeMier,* 671

F.2d 1200, 1206 (8th Cir.1982) (citations omitted).

Mr. Peltier argues that because his original Rule 35 motion was filed within 120 days of the Supreme Court's denial of certiorari on his direct appeal, this Court retains jurisdiction to consider his renewed Motion. There are two fatal flaws to Mr. Peltier's argument. First, it overlooks a crucial procedural fact: the original Rule 35 motion was considered and denied. As other courts have pointed out, a motion for reduction of sentence cannot be "revitalized by the mere act of filing subsequent motions beyond the 120 day period." *United States v. Dansker,* 581 F.2d 69, 72 (3rd Cir.1978); *see also United States v. Ferri,* 686 F.2d 147, 155 (3rd Cir.1982) (noting that allowing a defendant to file "subsequent Rule 35 motions by piggy-backing on the grant of the previous motion frustrates the object of the 120 day time restraint"); *United States v. Gonzalez–Perez,* 629 F.2d 1081, 1083 (5th Cir. 1980) (stating that "some limitation on jurisdiction to seek a reduction of sentence is necessary"); *United States v. Friedland,* 83 F.3d 1531, 1538 (3rd Cir.1996) (finding that the district court lacked jurisdiction to consider a subsequent untimely Rule 35 motion that attempted to relate back to a timely Rule 35 motion which had been denied).

■ Second, even if Mr. Peltier's current Motion could somehow relate back to the original motion, the Court would have to give an overly generous reading to the term "reasonable time" in order to find that it retained jurisdiction to consider the Motion for more than twenty years. Although "Rule 35[was] intended to give every convicted defendant a second round before the sentencing judge," *United States v. Ellenbogen,* 390 F.2d 537, 543 (2nd Cir.1968), extending the time during which a court may consider a Rule 35

motion indefinitely is no insurance of justice. As the Supreme Court noted in the context of new trial motions under Rule 33, "as time passes, the peculiar ability which the trial judge has to pass on the fairness of the trial is dissipated as the incidents and nuances of the trial leave his [or her] mind to give way to immediate business." *United States v. Smith,* 331 U.S. 469, 475–76, 67 S.Ct. 1330, 91 L.Ed. 1610 (1947); *see also Dansker,* 581 F.2d at 73 (stating that the object of Rule 35 "was to limit, and to limit severely, the district courts' jurisdiction no doubt for substantially the same reasons that support enforcement of the time restraints contained in Rule 33"). Reading the reasonable time exception as Mr. Peltier suggests would "stand the time restraint of Rule 35 on its head." *Dansker,* 581 F.2d at 73.

■ Mr. Peltier also argues, however, that there is "precedent holding that a district court may consider an untimely Rule 35 motion under certain circumstances." *United States v. Regan,* 503 F.2d 234, 237 (8th Cir.1974). While this may be true, none of the cases cited by Mr. Peltier stand for the proposition that courts may or should consider motions as extraordinarily untimely as his. As the Government points out, these cases primarily involve circumstances where a defendant has made a good faith attempt to comply with the prescribed time limit, but for reasons wholly beyond his or her control, the Rule 35 motion does not timely reach the court. *See United States v. Blanton,* 739 F.2d 209, 213 (6th Cir.1984) (citations omitted) (noting that courts have excused the late filing of a Rule 35 motion when the delay resulted from reliance on an affirmative statement by the court, reli-

ance on a statement in a letter sent by the United States Attorney to the defendant, or delay of prison authorities in mailing what otherwise would have been a timely motion).

In this case, even if Mr. Peltier were correct in asserting that there have been substantial changes in circumstances since the filing of his original Rule 35 motion, these alleged changes have been known to Mr. Peltier for more than five years, at the very least. It is therefore impossible for the Court to find that Mr. Peltier has made a good faith attempt to comply with the limitations of Rule 35. Accordingly, the Court finds that Mr. Peltier's current Motion is untimely and that the Court lacks jurisdiction to consider it.

### B. The Merits of the Motion

Even assuming, however, that Mr. Peltier's Motion was timely or that some exception excusing its dilatory filing was available, the Court would still deny the Motion. Mr. Peltier catalogues four ostensible changes in circumstances justifying his Motion: (1) the alleged change of theory by the Government; (2) the acquittal of persons who admittedly engaged in the same underlying criminal conduct attributed to Mr. Peltier; (3) an alleged error in the criminal history portion of presentence report relied on by the Judge during the original sentencing; and (4) the fact that concurrent sentences are now the norm under the sentencing guidelines.[1]

#### 1. *Change of Theory*

The first alleged change in circumstances to which Mr. Peltier points, is that during oral arguments before the Eighth

---

1. Mr. Peltier also argues that his prison record has been exemplary and that if the Court were to make his two life sentences concurrent, he would not automatically be released from confinement. The Court fails to see how either issue is relevant to a consideration of the instant Motion. Accordingly, the Court will not factor either argument into its consideration of the Motion.

Circuit in 1985, the Government altered its theory of prosecution. Mr. Peltier contends that in 1985, the Government abandoned its theory that he had directly fired the shots which resulted in the deaths of the two FBI agents. Mr. Peltier, in other words, makes essentially the same argument that he made in his 1991 Section 2255 motion.

The Eighth Circuit specifically rejected this argument, stating that the Government did not concede that it had failed to prove that Mr. Peltier killed the agents and that Mr. Peltier's conviction could only be sustained on an aiding and abetting theory. *See Peltier v. Henman,* 997 F.2d at 465. The Eighth Circuit's holding on this matter is unequivocal and controlling. Mr. Peltier's argument that there has been a change of theory by the Government that was not before the sentencing Judge is therefore untenable.

### 2. *The Acquittal of Co–Actors*

█ Mr. Peltier argues that because the other persons who admittedly engaged in the shootout which resulted in the death of the two FBI agents were acquitted his two consecutive life sentences are grossly disproportionate and unfair. It is unnecessary for the Court to determine the merits of Mr. Peltier's argument, however, because there is no conceivable way that Mr. Peltier can contend that the acquittal of these co-actors constitutes a change in circumstances that was unknown to the sentencing judge. These co-actors were tried and acquitted in the summer of 1976. Mr. Peltier was not tried and convicted until 1977. Not only was the acquittal of Mr. Peltier's co-actors a fact that was known to Judge Benson at the time of Mr. Peltier's sentencing, but it was a fact known to Mr. Peltier during his original Rule 35 motion. Accordingly, Mr. Peltier has had a mean-

ingful opportunity to have the fact that his co-actors were acquitted taken into account.

### 3. *Alleged Errors in the Presentence Report*

█ Mr. Peltier contends that the criminal history in the presentence report relied on by Judge Benson during sentencing was incorrect in several respects. He admits, however, that he was given the opportunity to review this report prior to his sentencing. (*See* Peltier Aff. at ¶ 5.) Although he argues that his counsel told him, at that time, that there was nothing that could be done to correct the alleged errors, Mr. Peltier has had ample opportunity to raise challenges to his sentence on the basis of this alleged faulty presentence report. Again, any errors in that report are not changed circumstances which were unknown to him when he filed his original Rule 35 motion.

### 4. *Concurrent Sentences as the Norm*

█ Finally, as the Government points out, Mr. Peltier's contention that his sentence should be reduced because the sentencing guidelines now express a preference for concurrent sentences is unavailing. Comparing the system that was in place at the time of Mr. Peltier's sentencing with the system that now exists under the guidelines is fraught with conceptual difficulties. Under the older system, because parole was possible, consecutive sentences were available to courts as a means of imposing an increased penalty in appropriate cases. Under the guidelines, parole is no longer available. Because all first degree murders under U.S.S.G. § 2A1.1 carry a base offense level of 43, or life imprison-

ment, it would seem that if Mr. Peltier were sentenced today, absent a downward departure, he would still serve a life sentence. In any event, the fact that consecutive sentences are no longer preferred under the guidelines is not, standing alone, a sufficient reason to review the wisdom of Judge Benson's sentence.

## CONCLUSION

Mr. Peltier's renewed Rule 35 Motion is untimely and the Court therefore lacks jurisdiction to consider it. Even if the Court retained jurisdiction, however, Mr. Peltier has failed to alleged sufficient changes in circumstances to warrant the Court's consideration of his Motion. The changes that Mr. Peltier claims justify his Motion were either known to Judge Benson at the time of sentencing or to Mr. Peltier prior to his original Rule 35 Motion. Notwithstanding Mr. Peltier's protestations to the contrary, then, he has had a meaningful second round before the sentencing judge as intended by the drafters of Rule 35.

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Renewed Motion to Reduce or Correct Sentence pursuant to Rule 35 (Clerk Doc. No. 501) is **DENIED.**