NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2455
_____

UNITED STATES OF AMERICA

v.

KWAME DWUMAAH,
a/k/a Simon Dwumaah

KWAME DWUMAAH,
                                        Appellant


_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 1-05-cr-00157-001)
District Judge: Honorable Christopher C. Conner
_____

Argued June 10, 2014

Before: AMBRO, GREENBERG, and BARRY, Circuit Judges

(Opinion filed: June 30, 2014)

Jennings F. Durand, Esquire
Julia Chapman, Esquire   (Argued)
Dechert LLP
2929 Arch Street
Cira Center, 18th Floor
Philadelphia, PA   19104

David A. Kotler, Esquire
Dechert LLP
902 Carnegie Center, Suite 500

Princeton, NJ   08540

    Counsel for Appellant

Peter J. Smith
  United States Attorney
Stephen R. Cerutti, II, Esquire   (Argued)
Kim D. Daniel, Esquire
Office of United States Attorney
228 Walnut Street, P.O. Box 11754
220 Federal Building and Courthouse
Harrisburg, PA   17108

    Counsel for Appellee

————————————

OPINION

————————————

AMBRO, Circuit Judge

Kwame Dwumaah pled guilty to theft of public monies under 18 U.S.C. § 641.

He was subsequently found removable under 8 U.S.C. § 1227(a)(3)(D)(i) for falsely

claiming U.S. citizenship.  Dwumaah now seeks a writ of error *coram nobis* to vacate his

conviction on the ground that he was misadvised of the immigration consequences of his

plea.  The District Court ultimately denied the writ.  Dwumaah appeals.[1]  We affirm.

## I.  Background

Dwumaah, a native of Ghana, initially entered the United States on a non-

immigrant visa in 1989 and remained in the country after the visa expired.  He later

married a U.S. citizen and subsequently became a conditional permanent resident in

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1651(a) and 18 U.S.C. § 3231.
We have jurisdiction under 28 U.S.C. § 1291.  Dwumaah is represented on appeal by *pro
bono* counsel from the Dechert firm. We express our appreciation for undertaking that
representation and its professionalism in doing so.

1999. The Department of Homeland Security ("DHS") determined Dwumaah's marriage to be fraudulent in June 2004 and later that year began removal proceedings under 8 U.S.C. § 1227(a)(1)(D) ("Termination of conditional permanent residence").

In April 2005, Dwumaah was indicted for twenty-eight counts of fraud under various statutes. The primary allegation of the indictment was that he had improperly acquired over $75,000 in federal student aid by using a false name and Social Security number and misrepresenting his immigration status.

Under a plea agreement, Dwumaah pled guilty to a single count of theft of public monies in August 2005. At the time, he was represented by John Abom in the criminal proceeding and Wayne Sachs in the immigration proceeding. As later found by the District Court, Abom and Sachs worked together to arrange a plea bargain that would avoid aggravated felon status under 8 U.S.C. § 1227(a)(2)(A)(iii), which would render Dwumaah automatically removable. In recommending the plea, Abom told Dwumaah he might still face removal if the crime were classified as a crime of moral turpitude under 8 U.S.C. § 1227(a)(2)(A)(i). At the time, Abom was apparently not aware of 8 U.S.C. § 1227(a)(3)(D)(i), under which a person can be subject to removal for falsely claiming U.S. citizenship. Dwumaah was sentenced to five months' imprisonment and one year supervised release and ordered to pay $75,192 in restitution.

DHS subsequently amended the Notice to Appear in the removal proceedings to include § 1227(a)(3)(D)(i). An Immigration Judge eventually determined Dwumaah's marriage was not fraudulent but found him removable based on a false claim of U.S. citizenship (for which no formal conviction is necessary). Dwumaah subsequently

3

pursued unsuccessful collateral attacks on his conviction before filing a *pro se* petition for a writ of error *coram nobis* in September 2011. In this petition, he argued that he would not have pled guilty had he been properly informed of the removal consequences of his plea as required by *Padilla v. Kentucky*, 559 U.S. 356 (2010). In February 2013, the District Court granted the writ and vacated Dwumaah's conviction in reliance on *United States v. Orocio*, 645 F.3d 630 (3d Cir. 2011), which held that *Padilla* applied retroactively.

Nineteen days later, the Supreme Court held in *Chaidez v. United States*, 133 S. Ct. 1103 (2013), that *Padilla* did not apply retroactively, thus abrogating *Orocio*. The Government moved to reconsider the grant of the writ based on *Chaidez*. Dwumaah, through counsel, opposed the motion. The District Court granted the motion and, on reconsideration, denied the writ of error *coram nobis*. Dwumaah now appeals that denial.

## II. Analysis

In appeals from the denial of a writ of error *coram nobis*, "[w]e review the District Court's legal conclusions de novo and its factual findings for clear error." *Mendoza v. United States*, 690 F.3d 157, 159 (3d Cir. 2012). A district court has the power, under appropriate circumstances, to grant a writ of error *coram nobis* and vacate a conviction, *see United States v. Morgan*, 346 U.S. 502, 511(1954), but the writ "is an extraordinary remedy, and a court's jurisdiction to grant relief is of limited scope." *United States v. Stoneman*, 870 F.2d 102, 106 (3d Cir. 1989). Indeed, "it is difficult to conceive of a situation in a federal criminal case today where [a writ of error *coram nobis* ] would be

4

necessary or appropriate." *Carlisle v. United States*, 517 U.S. 416, 429 (1996) (alteration in original) (quoting *United States v. Smith*, 331 U.S. 469, 475 n.4 (1947)).

From the governing cases, one can discern five requirements a movant must meet to receive *coram nobis* relief from a federal conviction. First, he or she must no longer be in custody and therefore not be eligible for alternative remedies such as *habeas corpus*. *Chaidez*, 133 S. Ct. at 1106 n.1. Second, he or she must nonetheless suffer continuing consequences of his or her conviction. *United States v. Osser*, 864 F.2d 1056, 1059 (3d Cir. 1988) (citing *Morgan*, 346 U.S. at 512-13). Third, "coram nobis relief is limited to correct[ing] errors 'of the most fundamental character.'" *Id.* (quoting *Morgan*, 346 U.S. at 512). Fourth, there must have been no remedy for the defect available at trial. *Stoneman*, 870 F.2d at 106 (citing *Morgan*, 346 U.S. at 512). Finally, the petitioner must show that "'sound reasons' exist for failing to seek relief earlier." *Id.*

The parties effectively agree that the first two elements are satisfied. Dwumaah is no longer in custody and thus is ineligible for *habeas* relief. *See United States v. Baptiste*, 223 F.3d 188, 189 (3d Cir. 2000). The District Court concluded that the possibility of removal was a sufficient continuing consequence of conviction, and the Government has not challenged that conclusion.

The dispute here centers on whether Dwumaah has shown a fundamental error in his trial, in particular ineffective assistance of counsel. It is well established in our caselaw that ineffective assistance of counsel is a fundamental error for purposes of a writ of error *coram nobis*. *See, e.g.*, *United States v. Rad-O-Lite of Philadelphia, Inc.*, 612 F.2d 740, 744 (3d Cir. 1979) ("[P]ersons not held in custody can attack a conviction for

5

fundamental defects, such as ineffective assistance of counsel. The mechanism is a motion in the form of the common-law writ of error coram nobis." (citing cases)).

Dwumaah argues that the District Court erred because it failed to recognize the distinction between failure to advise and affirmative misadvice as to immigration consequences. While *Chaidez* precludes an ineffectiveness claim based on the former, Dwumaah contends that affirmative misadvice was recognized as ineffective assistance prior to *Padilla* and that he deserves relief on this basis. He essentially argues that it was affirmative misadvice for Abom to inform him that, under the plea, removal was a mere possibility under the moral turpitude provision when in fact removal was essentially certain under the false claim of citizenship provision.

We do not get to the merits of his claim because Dwumaah waived this argument. In *United States v. Joseph*, 730 F.3d 336 (3d Cir. 2013), we held "that for parties to preserve an argument for appeal, they must have raised the same *argument* in the District Court—merely raising an *issue* that encompasses the appellate argument is not enough." *Id.* at 337 (emphases in original). In reaching this conclusion, we clarified our use of terminology: "an issue can be broader in scope than an argument in that an issue may be addressed by multiple arguments, which are the most basic building blocks of legal reasoning." *Id.* "[T]he crucial question regarding waiver is whether [the appellant] presented the argument with sufficient specificity to alert the district court." *Brennan v. Norton*, 350 F.3d 399, 418 (3d Cir. 2003) (quoting *Keenan v. City of Philadelphia,* 983 F.2d 459, 471 (3d Cir.1993)).

Although Dwumaah has repeatedly raised the *issue* of ineffective assistance, he raises for the first time on appeal the *argument* of ineffective assistance on the basis of affirmative misadvice. His *pro se* petition contains a single-sentence assertion that he was affirmatively misadvised, without any supporting legal argumentation, based on a factual allegation the District Court specifically rejected. This is insufficient to alert the District Court. *See In re Ins. Brokerage Antitrust Litig.*, 579 F.3d 241, 262 (3d Cir. 2009) ("A fleeting reference or vague allusion to an issue will not suffice to preserve it for appeal . . . ."). Dwumaah's subsequent counseled filings before the District Court do not argue that he was affirmatively misadvised.[2] There are no references in his filings prior to this appeal to a non-*Padilla* based protection against affirmative misadvice, even in his (counseled) opposition to the Government's post-*Chaidez* motion for reconsideration. The District Court therefore never had the opportunity to consider the affirmative misadvice theory of ineffective assistance of counsel because Dwumaah never presented it to that Court. As such, this argument is waived.[3]

On appeal, Dwumaah has presented no other arguments for ineffective assistance of counsel. As a result, he has not shown a fundamental error at trial, a prerequisite to a

---

[2] After it granted an evidentiary hearing on the basis of Dwumaah's *pro se* petition, the District Court appointed a solo practitioner to represent Dwumaah in the *coram nobis* proceedings. This attorney remained as counsel until he made an unopposed motion to withdraw two days after the District Court order granting reconsideration and denying the writ.

[3] Dwumaah argues in the alternative that we ought to exercise our discretion to reach the waived argument. *See Bagot v. Ashcroft*, 398 F.3d 252, 256 (3d Cir. 2005). We decline to do so.

writ of error *coram nobis*, and thus cannot establish a right to relief. It is therefore unnecessary for us to address the remaining requirements for the writ. Thus we affirm.