[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  20-10124
Non-Argument Calendar
_____

D.C. Docket No. 0:19-cv-62889-WPD; 0:18-cv-60984-WPD

HUGO PENA,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 22, 2020)

Before JILL PRYOR, LAGOA, and TJOFLAT, Circuit Judges:

PER CURIAM:

Hugo Pena, proceeding *pro se*, appeals the District Court's order denying his

third petition for a writ of error coram nobis.  The Government has responded by

filing a motion for summary affirmance and to stay the briefing schedule.

Summary disposition is appropriate where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[1]  An appeal is frivolous if it is "without arguable merit either in law or fact." *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002).

We review a district court's denial of coram nobis relief for abuse of discretion. *United States v. Peter*, 310 F.3d 709, 711 (11th Cir. 2002).  "A writ of error coram nobis is a remedy available to vacate a conviction when the petitioner has served his sentence and is no longer in custody, as is required for post-conviction relief under 28 U.S.C. § 2255." *Id.* at 712.  It "is an extraordinary remedy of last resort available only in compelling circumstances where necessary to achieve justice." *United States v. Mills*, 221 F.3d 1201, 1203 (11th Cir. 2002).  We have noted that it is "difficult to conceive of a situation in a federal criminal case today where coram nobis relief would be necessary or appropriate." *Lowery*

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to September 30, 1981.

*v. United States*, 956 F.2d 227, 229 (11th Cir. 1992) (alteration adopted) (quoting *United States v. Smith*, 331 U.S. 469, 475 n.4, 67 S. Ct. 1330, 1334 n.4 (1947)).

Accordingly, the bar for granting a petition for a writ of error coram nobis is high. *Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir. 2000). A petitioner may only obtain coram nobis relief where (1) "there is and was no other available avenue of relief," and (2) "the error involves a matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and invalid." *Id.* (citations omitted). The Supreme Court has explained that a writ of error coram nobis is "traditionally available only to bring before the court factual errors material to the validity and regularity of the legal proceeding itself, such as the defendant's being under age or having died before the verdict." *Carlisle v. United States*, 517 U.S. 416, 429, 116 S. Ct. 1460, 1467 (1996) (internal quotation omitted). Furthermore, we have held that district courts may consider coram nobis petitions only when the petitioner "presents sound reasons for failing to seek relief earlier." *Mills*, 221 F.3d at 1204.

Issues that could have been raised earlier do not warrant coram nobis relief, including claims about non-jurisdictional defects in an indictment. *See Alikhani*, 200 F.3d at 734 (concluding that the defendant's claims were not cognizable on coram nobis review because they could have been raised in a pretrial motion). Jurisdictional errors, however, are fundamental errors that warrant coram nobis

3

relief because they render the proceedings irregular and invalid. *See id.* ("A genuine claim that the district court lacked jurisdiction to adjudicate the petitioner guilty may well be a proper ground for coram nobis relief as a matter of law."); *see also Peter*, 310 F.3d at 711, 715–16 (concluding that a defect in the indictment, which alleged specific conduct that was no longer a federal crime, constituted a jurisdictional error warranting coram nobis relief).

Here, there is no substantial question that the District Court did not abuse its discretion in denying Pena's petition for a writ of error coram nobis. First, Pena failed to present sound reasons for failing to seek relief earlier. Pena was sentenced in 2010 to five years of probation, which expired in 2015, but he still waited roughly four years after that to file the instant petition.[2] Second, Pena's general allegations of fraud and prosecutorial misconduct failed to demonstrate any fundamental error that made his prosecution irregular and invalid. He argues that the District Court lacked subject-matter jurisdiction to convict him for violating the MARPOL treaty because the vessel was actually flagged under St. Kitts & Nevis,

---

[2] The instant petition is the latter of two petitions for a writ of error coram nobis filed by Pena in November and December of 2019. The District Court denied Pena's November 2019 petition, and Pena did not appeal that decision. Pena had also filed a number of other collateral attacks in April 2018, including his first petition for a writ of error coram nobis, all of which the District Court denied.

rather than Panama, but he offers no support either to prove this assertion or to show that it rendered the proceedings irregular or invalid.[3]

Because Pena failed to present sound reasons for failing to seek relief earlier and failed to demonstrate any fundamental error that made his prosecution irregular and invalid, there is no substantial question that the District Court did not abuse its discretion in denying Pena's petition for a writ of error coram nobis. We therefore GRANT the Government's motion for summary affirmance and DENY the accompanying motion to stay the briefing schedule as moot.

---

[3] We previously affirmed Pena's conviction in *United States v. Pena*, 684 F.3d 1137 (11th Cir. 2012), rejecting his arguments that the United States lacked jurisdiction to prosecute him under MARPOL, that the indictment was insufficient or defective, that the jury instructions were erroneous, and that the evidence was insufficient to support the jury's verdict that Pena violated MARPOL.