**Terry Lee BATTLE,**
**Petitioner–Appellant,**

v.

**Albert G. THOMAS, Warden,**
**Respondent–Appellee.**

**No. 89–8980**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Feb. 1, 1991.

Terry Lee Battle, Reidsville, Ga., for petitioner-appellant.

Michael J. Bowers, Atty. Gen. of Ga., Neal B. Childers, Asst. Atty. Gen., Atlanta, Ga., for respondent-appellee.

Before JOHNSON, HATCHETT and CLARK, Circuit Judges.

CLARK, Circuit Judge:

In 1983, appellant was convicted and sentenced to five years of probation for an offense against property.  In 1984, he was sentenced to a life term on a rape charge; his sentence was enhanced by the 1983 conviction under Georgia's habitual offender act.  In federal habeas proceedings, appellant now claims that his 1983 conviction was illegally obtained.  He claims to have had ineffective assistance of counsel, and he alleges a conspiracy between his defense attorney and the prosecutor to falsely imprison him.  The district court, adopting the magistrate's recommendation, based its decision solely on the grounds that "the probation sentence attacked ... by [appellant] has already expired and he

can suffer no repercussions therefrom[,] and ... he is currently imprisoned on his 1984 rape conviction—not the 1983 criminal damage to property conviction." [1]

*Maleng v. Cook* [2] held that a habeas petitioner had to be "in custody"—either physically in prison or on parole—in order to challenge a sentence on habeas corpus grounds. The Supreme Court in *Maleng* excluded from the definition of "in custody" instances in which a petitioner had fully served a former sentence and only suffered from certain collateral consequences of the conviction, such as the inability to hold public office or the possibility that the former sentence would be used to enhance a future sentence. The Court did not directly rule on the question of whether a petitioner could challenge the enhancement of his current sentence by an allegedly invalid prior sentence. [3] In *Fox v. Kelso*, [4] this Court held that "*Maleng* does not affect the validity of binding precedent that allows attack on a prior expired conviction" [5] when the prior sentence "delayed the date from which [a petitioner] will receive credit for time served against the ... convictions under which he is currently incarcerated." [6] The *Fox* court also noted that the difference between an attack upon a prior sentence that enhanced a later sentence and one that delayed the date of credit for time served is a difference "in form, not substance." [7] Interpreting *Maleng*, other circuits have similarly found that petitioners who are currently incarcerated may attack the enhancement of their current sentences by prior, expired sentences. [8]

Here (reading his complaint with the liberality due to pro se petitioners), appellant claims that his current sentence was enhanced by his allegedly invalid prior property offense. [9] Thus, dismissal on grounds that the prior sentence was discharged was error.

The record is unclear as to whether appellant exhausted his state court remedies. Appellee apparently has filed no response in either the district court or this court. If appellant has served the state with his papers, the state may have waived its procedural exhaustion claims. [10]

We therefore reverse and remand to allow the district court to determine whether appellant has exhausted his state court remedies. If so, or if the state has waived exhaustion, appellant seems to have stated claims appropriate for judicial resolution on the merits.

REVERSED and REMANDED.

---

**1.** Magistrate's Order and Recommendation, Nov. 6, 1989, at 1.

**2.** 490 U.S. 488, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989).

**3.** 490 U.S. at 494, 109 S.Ct. at 1927.

**4.** 911 F.2d 563 (11th Cir.1990).

**5.** *Id.* at 568.

**6.** *Id.*

**7.** *Id.*

**8.** *See, e.g., Crank v. Duckworth,* 905 F.2d 1090, 1091 (7th Cir.1990) ("[A] person in custody [on a later sentence] may contend that *that* custody violates the Constitution if it was augmented because of an invalid [prior sentence]." (emphasis in original)); *Feldman v. Perrill,* 902 F.2d 1445, 1449 (9th Cir.1990) ("[W]e are obliged to construe this pro se petition as an attack on petitioner's current federal sentence as enhanced. As Feldman is still serving his parole term, he is 'in custody' under this sentence."); *Gamble v. Parsons,* 898 F.2d 117, 118 (10th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 212, 112 L.Ed.2d 172 (1990).

**9.** *See* Record on Appeal, Tab 3, at 7; *id.,* Tab 5, at 5.

**10.** *See Granberry v. Greer,* 481 U.S. 129, 133–36, 107 S.Ct. 1671, 1674–76, 95 L.Ed.2d 119 (1987) (state failure to raise exhaustion in district court may, but does not always, waive exhaustion).