Larry A. **HARPER**, Petitioner–Appellant,

v.

**David C. EVANS, Commissioner,**
**Respondent–Appellee.**

**No. 90–8312**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Sept. 18, 1991.

Larry A. Harper, pro se.

Michael J. Bowers, Atty. Gen., Susan V. Boleyn, William Bradley Hill, Jr., Mary Beth Westmoreland, Asst. Atty. Gen., Atlanta, Ga., for respondent-appellee.

Before JOHNSON and HATCHETT, Circuit Judges, and CLARK, Senior Circuit Judge.

PER CURIAM:

Appellant Larry A. Harper, a state prisoner, brings this appeal from the district court's order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Harper's petition challenges the legality of his 1972 conviction in Clayton County, Georgia for armed robbery. Although the sentence from this conviction expired in 1982, Harper is currently incarcerated as the result of a life sentence imposed on a 1981 conviction for armed robbery in Spaulding County, Georgia. Harper alleges that his 1972 conviction was used in aggravation in setting his current sentence. He also alleges that as a result of his 1972 conviction, his parole for the 1981 conviction was denied and that his tentative parole date was extended. The district court, in adopting the magistrate's report and recommendation, found that under *Maleng v. Cook*, 490 U.S. 488, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989), Harper had not satisfied the "in custody" requirement for purposes of challenging the 1972 con-

viction because his sentence had already expired. *See* 28 U.S.C. § 2254(a). As a result, it held that it lacked subject matter jurisdiction to entertain Harper's petition.

In *Battle v. Thomas,* 923 F.2d 165 (11th Cir.1991), this court, in interpreting *Maleng,* held that a habeas petitioner may challenge a fully expired prior conviction if he is currently incarcerated as a result of a current sentence that was enhanced by his prior conviction. *See id.* at 168; *see also Fox v. Kelso,* 911 F.2d 563, 567–68 (11th Cir.1990). Other circuits have reached similar conclusions. *See Battle,* 923 F.2d at 166 n. 8. Having read his papers with the liberality due to pro se petitioners, we find that Harper claims that his current sentence was enhanced by his allegedly invalid 1972 conviction for armed robbery and that he has satisfied the "in custody" requirement.

The State, however, contends this requirement is not satisfied because "the enhanced sentence is not being attacked, but solely the expired sentence and [Harper] is not in custody pursuant to that sentence." This is a distinction without a difference. Whether or not the petition is framed facially in terms of an attack on the enhanced sentence or the expired sentence, the reality is that Harper is in "in custody" as a result of a prior and alleged illegal conviction. *See id.* at 165–66 (holding that petitioner had jurisdiction to challenge prior conviction, despite fact that petition was not framed as attack on enhanced sentence). The district court therefore erred in dismissing his petition on jurisdictional grounds.

The order of the district court is VACATED and the case REMANDED for further proceedings not inconsistent with this opinion.