James Edward LOWERY,
Petitioner–Appellant,

v.

UNITED STATES of America,
Respondent–Appellee.

No. 90–7601.

United States Court of Appeals,
Eleventh Circuit.

March 17, 1992.

Patricia A. Hamilton, Montgomery, Ala., for petitioner-appellant.

James Eldon Wilson, U.S. Atty., Kent B. Brunson, Asst. U.S. Atty., Montgomery, Ala., for respondent-appellee.

Before KRAVITCH, Circuit Judge, GODBOLD and JOHNSON *, Senior Circuit Judges.

PER CURIAM:

This case arises on appeal following the district court's dismissal of Lowery's petition for a writ of error coram nobis.

## I. STATEMENT OF THE CASE

On July 13, 1979, James Edward Lowery (Lowery) pled guilty in the Middle District of Alabama to one count of illegal transportation of a forged security. *See* 18 U.S.C.A. § 2314 (West 1970). He served his sentence in full. On November 2, 1985, Lowery was found guilty in Wisconsin state court of unrelated crimes and sentenced to serve 65 years in the Wisconsin penal system. Lowery's 1979 conviction in the Middle District of Alabama was one of eighteen prior convictions used to enhance his Wisconsin sentence.

On January 3, 1989, Lowery filed a petition for habeas corpus relief in the Middle District of Alabama, pursuant to 28 U.S.C.A. § 2255 (West 1971). He asserted that his Wisconsin sentence was improperly

* *See* Rule 34–2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

based in part on his 1979 federal conviction. Lowery alleged that the 1979 conviction was erroneous because a multiple personality disorder precluded him from entering a voluntary and intelligent plea, and because the sentence was improperly based on false information contained in the presentence investigation report (PSI). The magistrate recommended dismissal since Lowery was no longer "in custody" for purposes of section 2255 relief. *See Maleng v. Cook,* 490 U.S. 488, 492, 109 S.Ct. 1923, 1926, 104 L.Ed.2d 540 (1989) (per curiam). After allowing Lowery to present his motion as a petition for a writ of error coram nobis, the magistrate denied the petition on the grounds that (1) Lowery had not pursued an available statutory remedy for his multiple personality claim, and (2) Lowery's PSI claim was not cognizable in a coram nobis proceeding. The district court adopted the magistrate's conclusions on August 14, 1990.

## II. ANALYSIS

On appeal, Lowery claims that the writ of error coram nobis may issue when other statutory grounds for relief are available, and must issue when the available relief is inadequate. He also asserts that an allegation that a prior sentence was based on an erroneous PSI constitutes a cognizable claim in a coram nobis petition.

### A. *Available habeas remedy precludes coram nobis relief*

■ The writ of error coram nobis is a limited remedy of last resort: "Continuation of litigation *after* final judgment and *exhaustion or waiver of any statutory right of review* should be allowed through this extraordinary remedy only under circumstances compelling such action to achieve justice." *United States v. Morgan,* 346 U.S. 502, 511, 74 S.Ct. 247, 252, 98 L.Ed. 248 (1954) (emphasis added); *see Moody v. United States,* 874 F.2d 1575, 1576 (11th Cir.1989), *cert. denied,* 493 U.S. 1081, 110 S.Ct. 1137, 107 L.Ed.2d 1042 (1990).[1] Coram nobis jurisdiction is there-

1. The authority to issue writs of error coram nobis derives from The All Writs Act:

fore available only when the error alleged is "of the most fundamental character," *Moody,* 874 F.2d at 1576, and when "no statutory remedy is available or adequate." *United States v. Russell,* 776 F.2d 955, 957 n. 1 (11th Cir.1985); *Correa–Negron v. United States,* 473 F.2d 684, 685 (5th Cir. 1973), *cert. denied,* 414 U.S. 870, 94 S.Ct. 89, 38 L.Ed.2d 88 (1973).[2] Because of the availability of habeas review, the Supreme Court has found it "difficult to conceive of a situation in a federal criminal case today where [coram nobis relief] would be necessary or appropriate." *United States v. Smith,* 331 U.S. 469, 476 n. 4, 67 S.Ct. 1330, 1334 n. 4, 91 L.Ed. 1610 (1947).

█ Although Lowery's multiple personality claim presents an alleged error of a fundamental nature, *see Morgan,* 346 U.S. at 507–13, 74 S.Ct. at 250–54, the district court found that Lowery had failed to pursue this claim in an available section 2254 habeas proceeding. *See* 28 U.S.C.A. § 2254 (West 1977). We therefore review the lower court's finding only to determine whether section 2254 of Title 28 provides a remedy that is both available and adequate. *See Russell,* 776 F.2d at 957 n. 1.

Lowery cites *Maleng v. Cook,* 490 U.S. 488, 109 S.Ct. 1923, for the proposition that a defendant may not use habeas corpus to attack a prior conviction, even in the course of challenging a present sentence as enhanced by the allegedly invalid prior conviction. We have already rejected this interpretation and have found a section 2254 proceeding appropriate for asserting a claim such as Lowery's. *See Battle v. Thomas,* 923 F.2d 165 (11th Cir.1991); *Harper v. Evans,* 941 F.2d 1538, 1539 (11th Cir.1991); *see also Allen v. Collins,* 924 F.2d 88, 89 (5th Cir.1991); *Gamble v. Parsons,* 898 F.2d 117, 118–19 (10th Cir.1990), *cert. denied,* — U.S. —, 111 S.Ct. 212, 112 L.Ed.2d 172 (1990); *Taylor v. Armontrout,* 877 F.2d 726, 727 (8th Cir.1989); *Clark v. Pennsylvania,* 892 F.2d 1142 (3d Cir.1989); *Lowery v. Young,* 887 F.2d 1309 (7th Cir.1989).

Lowery suggests no reasons why this available section 2254 remedy is not also adequate for adjudicating his claim. Lowery's contention that a coram nobis proceeding in Alabama would serve the interests of judicial efficiency better than a habeas action in Wisconsin wholly fails to address the narrow issue of the adequacy of the Wisconsin forum and is irrelevant to our determination of jurisdiction over a coram nobis action.[3] We therefore find that Lowery has an adequate habeas remedy available for his multiple personality claim.[4]

### B. *Allegation of sentencing error in prior conviction not cognizable as coram nobis claim*

█ Lowery argues that the district court erroneously found that Lowery's second ground for attacking the 1979 conviction—the sentencing judge's use of an al-

---

The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions agreeable to the usages and principles of law.

28 U.S.C.A. § 1651(a) (West 1966); *see Morgan,* 346 U.S. at 511, 74 S.Ct. at 252.

**2.** In *Waller v. United States,* 432 F.2d 560 (5th Cir.1970), the court allowed an appellant with a similar challenge to proceed with a petition for a writ of error coram nobis. The *Waller* court, however, was not presented with a question of whether the appellant had an alternative statutory remedy.

**3.** Lowery also cites federalism concerns implicated when a federal court revisits the validity of a prior state conviction. *Crank v. Duckworth,* 905 F.2d 1090, 1091 (7th Cir.1990), *cert.*

*denied,* — U.S. —, 111 S.Ct. 712, 112 L.Ed.2d 701 (1991). Such concerns are misplaced when, as in the instant case, the court of the prior conviction and the proposed court of review are both federal.

**4.** Indeed, Lowery utilized this same vehicle in the Western District of Wisconsin to challenge his habitual offender sentence as based in part on another allegedly erroneous prior conviction. *See Lowery v. Young,* 887 F.2d at 1310–11. Although the Wisconsin district court dismissed Lowery's claim, the Seventh Circuit reversed, thereby ensuring Lowery this statutory avenue of relief. *See id.* at 1311–13. On appeal after remand, the Seventh Circuit held that Lowery must first exhaust available statutory remedies before petitioning for a writ of error coram nobis. *Lowery v. McCaughtry,* 954 F.2d 422, (7th Cir.1992).

legedly incorrect presentence report—was not sufficient to compel the exercise of coram nobis jurisdiction. This argument is without merit. Coram nobis jurisdiction exists only to correct "manifest injustice." *Rener v. United States,* 475 F.2d 125, 127 (5th Cir.1973). The jurisdiction is therefore " 'of a limited scope, existing in those cases where the errors [are] of the most fundamental character, that is, such as render[ing] the proceeding itself irregular and invalid.' " *Granville v. United States,* 613 F.2d 125, 126 n. 1 (5th Cir.1980) (quoting *United States v. Addonizio,* 442 U.S. 178, 186, 99 S.Ct. 2235, 2241, 60 L.Ed.2d 805 (1979)); *see United States v. Mayer,* 235 U.S. 55, 69, 35 S.Ct. 16, 19, 59 L.Ed. 129 (1914); *Moody,* 874 F.2d at 1576–77. Lowery's PSI claim implicates only the sentence that he received for his prior forgery conviction, not the validity of the conviction itself. *See Moody,* 874 F.2d at 1577. Because the alleged error is not "fundamental," it does not merit coram nobis relief.

### III.  CONCLUSION

For the foregoing reasons, we AFFIRM the district court's denial of Lowery's petition for a writ of error coram nobis.