[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15626
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-22847-KMM

VINCENT VICTOR ROGGIO,
Restricted Filer,

                                                                Petitioner - Appellant,

versus

UNITED STATES OF AMERICA,

                                                                Respondent - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 26, 2015)

Before WILSON, JORDAN and JILL PRYOR, Circuit Judges.

PER CURIAM:

Vincent Victor Roggio, a former federal prisoner proceeding pro se, appeals the district court's denial of his 28 U.S.C. § 1651 petition for a writ of error *coram nobis*.  On appeal, Roggio argues, among other things, that the district court erred by ruling that his petition was procedurally barred before considering the merits of the constitutional arguments in his petition, which no court had ruled on in previous filings. [1]

Because we find no abuse of discretion, we affirm.

## I.

The following is a brief summary of Roggio's collateral attacks on his criminal convictions that occurred over the course of approximately 25 years.  In 1987, a jury convicted Roggio on three counts of mail fraud and four counts of submitting false statements to a bank.  The district court imposed a total custodial sentence of twelve years and a five-year term of probation.  In 1989, Roggio appealed his convictions, but we affirmed.  Roggio was released from prison in September 1994 and has since finished serving his total sentence.

---

[1] Roggio also moved the district court to: 1) correct his sentence under Fed. R. Crim. P. 35(a); 2) take judicial notice of the illegality of his convictions; and 3) reconsider the denial of his *coram nobis* petition, including the order of denial in his notice of appeal.  Additionally, the district court barred him from filing future pleadings without the court's consent.  However, he fails to argue in his appellate brief that the district court erred in any of these respects, and, accordingly, he has abandoned these claims on appeal.  *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam) ("[I]ssues not briefed on appeal by a pro se litigant are deemed abandoned.").

While incarcerated, Roggio filed multiple 28 U.S.C. § 2255 motions, motions to dismiss the underlying indictments, and other attacks on his convictions.  In these various motions, Roggio primarily presented claims regarding the following: 1) pretrial government misconduct; 2) defective indictment; 3) government misconduct during trial; 4) improper prosecutorial theory; 5) improper jury instructions; 6) ineffective legal representation; and 7) prior claims that he alleged were not addressed on the merits.  Each of these filings was dismissed or denied.

Roggio filed the instant pro se petition for a writ of error *coram nobis* in August 2011, raising various challenges to the indictment charging him with making false statements to federally insured banks; various challenges to his convictions; claims of ineffective assistance of counsel; and a claim that his convictions and related information have tarnished his reputation since his custodial and supervised release sentences ended, causing him a "civil disability." The government moved to dismiss Roggio's petition and the district court granted its motion.  Roggio moved the court to reconsider, but the district court denied his motion.

## II.

We review a district court's denial of a petition for a writ of error *coram nobis* for abuse of discretion.  *Alikhani v. United States*, 200 F.3d 732, 734 (11th

3

Cir. 2000) (per curiam).  The All Writs Act, 28 U.S.C. § 1651(a), provides federal courts the authority to issue writs of error *coram nobis*.  *United States v. Mills*, 221 F.3d 1201, 1203 (11th Cir. 2000).  "A writ of error *coram nobis* is a remedy available to vacate a conviction when the petitioner has served his sentence and is no longer in custody, as is required for post-conviction relief under 28 U.S.C. § 2255."  *United States v. Peter*, 310 F.3d 709, 712 (11th Cir. 2002) (per curiam).  "The writ of error *coram nobis* is an extraordinary remedy of last resort available only in compelling circumstances where necessary to achieve justice."  *Mills*, 221 F.3d at 1203.  Because of the availability of habeas review, we have recognized that it is "difficult to conceive of a situation in a federal criminal case today where *coram nobis* relief would be necessary or appropriate."  *Lowery v. United States*, 956 F.2d 227, 229 (11th Cir. 1992) (per curiam) (internal quotation marks omitted).

Under our case law, the bar for granting a petition for a writ of error *coram nobis* is high.  *Alikhani*, 200 F.3d at 734.  A petitioner may only obtain *coram nobis* relief where:  1) "there is and was no other available avenue of relief"; and 2) "the error involves a matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and invalid."  *Id.* (internal quotation marks omitted).  "Such errors do not include prejudicial misconduct in the course of the trial, the misbehavior or

partiality of jurors, and newly discovered evidence." *Mills*, 221 F.3d at 1204

(internal quotation marks omitted).  We have further explained that "courts may

consider *coram nobis* petitions only where . . . the petitioner presents sound

reasons for failing to seek relief earlier."  *Id*.

A review of the record establishes that all of the claims raised in Roggio's

instant petition are claims that have been raised previously, all of which were

resolved unfavorably to him, with the exception of his *Brady*[2] violation claim.

While Roggio is a former federal prisoner that is no longer in custody for the

purposes of § 2255, Roggio has failed to demonstrate (with exception to his *Brady*

claim) that any "error[s] involve[d] . . . matter[s] of fact of the most fundamental

character which ha[ve] not been put in issue or passed upon . . . "  *Alikhani*, 200

F.3d at 734.

Finally, with respect to Roggio's *Brady* violation claim, Roggio failed to

present any reason, let alone reasons that are sound, for failing to raise this claim at

any point between the time he became aware of the claimed violation and the filing

of the instant petition. *Id*.  In the absence of such, this claim is not an acceptable

basis for a writ of error *coram nobis*.  *Mills*, 221 F.3d at 1204.  Consequently,

Roggio has failed to show that he is entitled to this extraordinary remedy.

---

[2] *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963).

Therefore, the district court did not abuse its discretion.  Accordingly, we affirm the district court's denial of Roggio's petition for writ of error *coram nobis*.

**AFFIRMED.**