[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-10209
Non-Argument Calendar

_____

D.C. Docket No. 3:05-cr-00025-LC-EMT-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WARD FRANKLIN DEAN,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(September 20, 2018)

Before WILSON, JORDAN, and EDMONDSON, Circuit Judges.

PER CURIAM:

Ward Dean, proceeding pro se, appeals the district court's denial of his petition for writ of error coram nobis, pursuant to 28 U.S.C. § 1651(a).  Dean seeks to vacate his consecutive terms of supervised release.  No reversible error has been shown; we affirm.

In 2005, Dean was convicted of six counts of tax evasion, in violation of 26 U.S.C. § 7201, and one count of obstruction of justice, in violation of 26 U.S.C. § 7212(A).  Dean was sentenced to a total sentence of 84 months' imprisonment. The district court also sentenced Dean to a total of two three-year terms of supervised release, to run consecutively to one another.[1]  Dean raised no objection to the consecutive terms of supervised release at his sentencing hearing.

On direct appeal, this Court affirmed Dean's convictions and sentences. United States v. Dean, 487 F.3d 840 (11th Cir. 2007).  In 2009, Dean filed a 28 U.S.C. § 2255 motion to vacate; the district court denied the motion, and this Court denied Dean a certificate of appealability.  Dean raised no challenge to his consecutive terms of supervised release either on direct appeal or in his section 2255 motion.

---

[1] Dean was sentenced to (1) three-year concurrent terms of supervised released on counts one through three; (2) three-year concurrent terms of supervised release on counts four through six, to run consecutively to the supervised release on counts one through three; and (3) a one-year term of supervised release on count seven to run concurrently with the supervised release on counts one through six.

In June 2015, Dean filed a motion for early termination of his supervised release, arguing that his consecutive terms of supervised release were unlawful under 18 U.S.C. § 3624(e).  The district court denied the motion.

In October 2017, Dean filed the instant pro se petition for a writ of error coram nobis, pursuant to 28 U.S.C. § 1651.  In his petition, Dean said he had completed his term of incarceration on 19 June 2012 and his first three-year term of supervised release on 19 June 2015.  Dean had also served over two-thirds of his second term of supervised release.  Briefly stated, Dean argued that his consecutive terms of supervised release were unlawful and sought to have the remainder of his term of supervised release vacated.

The government opposed Dean's petition.  In response to a court inquiry, the government conceded that generally multiple terms of supervised release must run concurrently.  The government argued, however, that coram nobis relief was still unavailable because (1) Dean could have challenged his terms of supervised release on direct appeal or in his section 2255 motion and (2) permitting Dean to vacate his supervised release without a full resentencing would violate the sentencing package doctrine.  The district court, adopting and incorporating the government's response into its order, denied Dean's petition.

3

We review a district court's denial of a petition for a writ of error coram nobis for an abuse of discretion.  Alikhani v. United States, 200 F.3d 732, 734 (11th Cir. 2000).

"The writ of error coram nobis is a limited remedy of last resort."  Lowery v. United States, 956 F.2d 227, 228 (11th Cir. 1992).  A writ of coram nobis may issue "only when there is and was no available avenue of relief" and "when the error involves a matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and invalid."  Alikhani, 200 F.3d at 734.  Because of the availability of habeas review, we have recognized that it is "difficult to conceive of a situation in a federal criminal case today where coram nobis relief would be necessary or appropriate."  Lowery, 956 F.2d at 229 (alteration omitted) (citing United States v. Smith, 331 U.S. 469, 476 n.4 (1947)).

As an initial matter, that Dean was still serving his term of supervised release when he filed his coram nobis petition in the district court is undisputed. Dean was, thus, "in custody" within the meaning of 28 U.S.C. § 2255; and coram nobis relief was unavailable to him as a matter of law.  See United States v. Brown,

4

117 F.3d 471, 475 (11th Cir. 1997) (construing a petitioner's coram nobis petition as a section 2255 motion).[2]

Moreover, "courts may consider coram nobis petitions only where no other remedy is available and the petitioner presents sound reasons for failing to seek relief earlier." United States v. Mills, 221 F.3d 1201, 1204 (11th Cir. 2000). Here, Dean could have challenged earlier his consecutive terms of supervised release either on direct appeal or in his section 2255 proceedings. Dean also could have sought leave from this Court to file a second or successive section 2255 motion. Because Dean had available alternative avenues for challenging his terms of supervised release, coram nobis relief is unwarranted. See id.; Alikhani, 200 F.3d at 734 (concluding that petitioner's arguments were "facially not cognizable on coram nobis review because [petitioner] could have, but failed to, pursue them" through other avenues of relief; the district court thus abused no discretion in rejecting petitioner's arguments).

Dean has also provided no "sound reason" for waiting over ten years to challenge his sentence. Dean contends only that he was unaware until after he was

_____

[2] We have instructed courts to treat pleadings styled incorrectly as coram nobis petitions as section 2255 motions. Brown, 117 F.3d at 475. When a petitioner -- as in this case -- has already filed a section 2255 motion, however, a court may not construe a coram nobis petition as a section 2255 motion unless the petitioner has first been granted leave to file a second or successive section 2255 motion. See United States v. Garcia, 181 F.3d 1274, 1275 (11th Cir. 1999) (affirming the denial of coram nobis relief and declining to construe the coram nobis petition as a motion for relief under section 2255 when the petitioner had already filed a section 2255 motion and had failed to seek or to obtain leave to file a successive section 2255 motion).

on supervised release that multiple terms of supervised release must run concurrently.  But mere ignorance of the law is insufficient to excuse Dean's delay in seeking relief.  Cf. Johnson v. United States, 544 U.S. 295, 311 (2005) ("we have never accepted pro se representation or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness . . . .").

The district court abused no discretion in denying Dean's petition for writ of error coram nobis.

AFFIRMED.