[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-12854

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

SYTERIA HEPHZIBAH,
a.k.a. Highly Favored Shekinah El,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:15-cr-00016-MMH-PDB-1

_____

2                     Opinion of the Court                    24-12854

_____

No. 24-13690

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

SYTERIA HEPHZIBAH,
a.k.a. Highly Favored Shekinah El,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:15-cr-00016-MMH-PDB-1

_____

Before NEWSOM, GRANT, and LAGOA, Circuit Judges.

PER CURIAM:

Syteria Hephzibah, a former federal prisoner proceeding *pro se*, appeals the district court's order denying her petition for writ of error *coram nobis* as well as an order striking a filing in which she sought to have third parties intervene in her criminal case. The government has moved for dismissal of the appeal, or, in the alternative, for summary affirmance. In response to the government's motion, Hephzibah has filed a motion for sanctions against the government, arguing that their motion is frivolous and filed in bad faith.

We may dismiss an appeal if it appears at any time that it is frivolous and entirely without merit. 11th Cir. R. 42-4. An appeal is frivolous when the party is not entitled to relief because there is no basis in fact or law to support their position. *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

We may also summarily dispose of an appeal where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1161-62 (5th Cir. 1969).

Under Eleventh Circuit Rule 27-4, we may impose sanctions if a party files a frivolous motion. 11th Cir. R. 27-4. A motion is frivolous if it: (a) is without legal merit and cannot be supported by a reasonable argument for a change in existing law or the

establishment of new law; (b) includes assertions of material fact that are false or unsupported by the record; or (c) is presented for an improper purpose, such as to harass, cause delay, or needlessly increase the costs of litigation. *Id.*

We review a denial of *coram nobis* relief for abuse of discretion, "keeping in mind that an error of law is an abuse of discretion *per se*." *Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir. 2000). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making [a] determination, or makes findings of fact that are clearly erroneous." *United States v. Gbenedio*, 95 F.4th 1319, 1327 (11th Cir. 2024) (quotation marks omitted). The All Writs Act, 28 U.S.C. § 1651, gives federal courts authority to issue writs of error *coram nobis*. *United States v. Mills*, 221 F.3d 1201, 1203 (11th Cir. 2000). The bar for *coram nobis* is high, and relief may be issued only when: (1) "there is and was no other available avenue of relief"; and (2) "the error involves a matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and invalid." *Alikhani*, 200 F.3d at 734 (quotation marks omitted). A claim is not facially cognizable on *coram nobis* review if the defendant could have, but failed, to pursue the claim earlier through other available avenues. *See id.* at 734-35. "To obtain coram nobis relief, a petitioner must present[ ] sound reasons for failing to seek relief earlier." *Gonzalez v. United States*, 981 F.3d 845, 851 (11th Cir. 2020) (quotation marks omitted) (bracket in original).

24-12854                Opinion of the Court                5

A jurisdictional error can constitute a fundamental error for which relief through a writ of *coram nobis* can be granted. *Peter*, 310 F.3d at 712. "We have assumed but not decided that ineffective assistance of counsel may constitute an error so 'fundamental' as to warrant coram nobis relief." *Gonzalez*, 981 F.3d at 851. However, the Supreme Court has noted that "it is difficult to conceive of a situation in a federal criminal case today," given the availability of habeas review, where *coram nobis* relief "would be necessary or appropriate." *United States v. Smith*, 331 U.S. 469, 476 n.4 (1947); *see Lowery v. United States*, 956 F.2d 227, 229 (11th Cir. 1992).

In *United States v. Sterling*, we recognized that "so-called 'sovereign citizens' . . . believe they are not subject to the jurisdiction of the courts" and that "[c]ourts have . . . summarily rejected their legal theories as frivolous." *United States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013).

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

Here, we grant the government's motion to dismiss because Hephzibah's appeal is frivolous. Hephzibah's petition for writ of error *coram nobis*, which was filed nearly five years after her supervised release was revoked, was rooted in "sovereign citizen" legal theories as she challenged the district court's jurisdiction on the basis that she is not a citizen of the United States. Moreover, her petition did not include any evidence or binding law to support her

argument that the district court, the government, and her defense counsel were engaged in fraud and profiting from her conviction. With regards to her filing seeking the intervention of third parties, she failed to provide any relevant authority to show why other individuals should be invited to intervene in her criminal case that has been closed for years.  On appeal, she continues to present arguments that are rooted in "sovereign citizen" legal theories and continues to cite law that is either not applicable or non-binding. Therefore, we hold that her appeal is frivolous.

We deny Hephzibah's motion for sanctions because her assertion that the government's motion is frivolous and filed in bad faith is conclusory as she does not offer any relevant legal authority in support of her argument. Moreover, it is her appeal, rather than the government's motion, that is frivolous.

Accordingly, we GRANT the government's motion to dismiss and DENY Hephzibah's motion for sanctions.

**DISMISSED.**