UNITED STATES of America, Plaintiff,

v.

**Boyd D. RANSOM, Defendant.**

**Nos. 89–40050–01, 97–3311–RDR.**

United States District Court,
D. Kansas.

Oct. 20, 1997.

Kurt J. Shernuk, Asst. U.S. Atty., Kansas City, KS, for Plaintiff.

R. Bruce Kips, Fairway, KS, for Defendant.

## MEMORANDUM AND ORDER

ROGERS, District Judge.

This case is now before the court upon defendant's motion to vacate part of his sentence.[1] Defendant's sentence led from his plea of guilty to using and carrying a firearm (a shotgun) during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c) and to manufacturing methamphetamine in violation of 21 U.S.C. § 841(a)(1). In return for his plea of guilty to these charges, pursuant to a plea bargain, at the time of sentencing two other charges were dismissed: one count charging defendant with possession of certain chemicals and glassware with the intent to manufacture methamphetamine and one count charging defendant with the illegal possession of a silencer. Defendant was sentenced to 121 months on the manufacturing methamphetamine charge with a consecutive term of 60 months on the § 924(c) charge.

Defendant did not appeal his sentence, but he has filed several motions to vacate or modify his sentence. He filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255 on December 21, 1992. This motion attacked his sentence on the § 924(c) charge claiming: that his plea was not knowingly and intelligently entered; that the plea lacked a factual basis; and that he was denied effective assistance of counsel. Some of defendant's arguments were similar to ones accepted by the Supreme Court in *Bailey v. United States*, —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). However, based on Tenth Circuit law at the time which provided a broader interpretation of § 924(c), on February 11, 1993, this court dismissed defendant's motion to vacate without an evidentiary hearing. This ruling was affirmed on appeal by the Tenth Circuit. Doc. No. 48.

Pursuant to a motion for reduction of sentence under 18 U.S.C. § 3582(c)(2), this court reduced defendant's sentence on his § 841(a) charge to 120 months. Doc. No. 57. On October 17, 1996, defendant filed a second motion to vacate sentence under § 2255. This court dismissed the motion because neither defendant nor this court had received an order from the Tenth Circuit authorizing consideration of a second application for relief. Doc. 59. Because the motion this court dismissed was defendant's second motion under § 2255, he was required to seek and receive authorization from a panel of the Tenth Circuit to proceed with the motion in this court. Such authorization was ultimately denied by the Tenth Circuit. The Circuit held that defendant had failed to advance an issue of constitutional significance, as is required to file a second or successive § 2255 motion under the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104–132 ("AEDPA").

The instant motion makes the same kind of *"Bailey"* arguments for relief as defendant's first and second § 2255 motions. However, it is not brought under that statute. Instead, the motion asks for relief under 28 U.S.C. § 2241 and pursuant to a writ of coram nobis.

Defendant contends that the facts of his case do not support his plea to the § 924(c) charge in light of the *Bailey* decision which narrowed the meaning of "use" under the statute. The *Bailey* decision was issued approximately five years after defendant's guilty plea and three years after defendant filed his first § 2255 motion.

But for the AEDPA, the merits of this petition would have been considered when defendant filed his second § 2255 motion. See *U.S. v. Barnhardt*, 93 F.3d 706 (10th Cir.1996) (applying *Bailey* retroactively to consider an ultimately unsuccessful challenge under § 2255 to a conviction after a guilty plea); *U.S. v. Watson*, 942 F.Supp. 1378 (D.Kan.1996) (same); *U.S. v. Strese*, Case No. 92–40029–02 (D.Kan., unpublished, 8/20/96) (vacating a conviction under the *Bailey* decision); *U.S. v. Fitzherbert*, Case No. 92–40033–01 (D.Kan., unpublished, 3/29/96)(same).

Section 2255 contains language which allows an application by an inmate for habeas relief if it appears that "the remedy by

---

1. Defendant has moved to file an untimely reply to the governments response to his motion. This

motion shall be granted.

[§ 2255] motion is inadequate or ineffective to test the legality of his detention." Relying upon this language the Second and Third Circuits have held that relief is available under § 2241. *Triestman v. U.S.*, 124 F.3d 361 (2nd Cir.1997) (permitting the assertion of a *Bailey* issue under § 2241(c)(3) when § 2255 is foreclosed by the AEDPA); *In Re Dorsainvil*, 119 F.3d 245 (3rd Cir.1997) (same). In addition, the Sixth Circuit has held that relief may be available under § 2255 even with a second successive petition when a *Bailey* issue is raised. *In re Hanserd*, 123 F.3d 922 (6th Cir.1997). The court also notes that two other circuit court opinions have hinted that habeas relief might be available if a remedy is foreclosed under § 2255 because of the AEDPA. See *U.S. v. Lorentsen*, 106 F.3d 278, 279 (9th Cir.1997); *In re Vial*, 115 F.3d 1192, 1198–99 (4th Cir. 1997) (concurring opinion).

The question before this court is whether habeas relief should be available in this instance. The Tenth Circuit has recently stated that: "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity ... [i]t is not an additional, alternative, or supplemental remedy to 28 U.S.C. § 2255." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir.1996). However, the same opinion appears to acknowledge that a remedy under § 2241 may exist for an invalid judgment if a motion under § 2255 would be either inadequate or ineffective. *Id.*, quoting *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir.1965) and *Williams v. United States*, 323 F.2d 672, 673 (10th Cir.1963) *cert. denied*, 377 U.S. 980, 84 S.Ct. 1887, 12 L.Ed.2d 749 (1964). We believe in this case the Tenth Circuit would follow the reasoning of the Second and Third Circuits and allow a remedy under § 2241 because of the inadequacy of § 2255.

Defendant also asks for relief under a writ of error coram nobis. The Tenth Circuit has stated that a writ of error coram nobis "is available only to correct errors resulting in a complete miscarriage of justice, or under circumstances compelling such action to achieve justice." *U.S. v. Bustillos*, 31 F.3d 931, 934 (10th Cir.1994) citing, *United States v. Williamson*, 806 F.2d 216, 222 (10th Cir.1986). The Third Circuit has stated: "Use of the writ is appropriate to correct errors for which there was no remedy available at the time of trial and where 'sound reasons' exist for failing to seek relief earlier" *United States v. Stoneman*, 870 F.2d 102, 106 (3rd Cir.) *cert. denied*, 493 U.S. 891, 110 S.Ct. 236, 107 L.Ed.2d 187 (1989), citing *United States v. Morgan*, 346 U.S. 502, 512, 74 S.Ct. 247, 252, 98 L.Ed. 248 (1954). Recently, the Supreme Court commented on the rarity of the writ's application. " '[I]t is difficult to conceive of a situation in a federal criminal case today where [a writ of coram nobis] would be necessary or appropriate.' " *Carlisle v. United States*, 517 U.S. 416, ——, 116 S.Ct. 1460, 1468, 134 L.Ed.2d 613 (1996), quoting *United States v. Smith*, 331 U.S. 469, 475 n.4, 67 S.Ct. 1330, 1334 n. 4, 91 L.Ed. 1610 (1947).

While it may have been difficult to conceive of the present situation before the court, we believe that if a remedy was unavailable under § 2241, then relief could be justified via a writ of coram nobis. If defendant is innocent of the crime of which he was convicted and does not have any other effective opportunity to raise this claim, then there is a compelling reason to grant relief pursuant to a writ of coram nobis.

Accordingly, the court shall permit this matter to go forward under the following guidelines. The government should inform the court within 20 days whether it contends that it has sufficient evidence to support a post-*Bailey* conviction under § 924(c). If so, the court shall conduct an evidentiary hearing in this matter. If not, the court shall enter an order vacating defendant's sentence for the § 924(c) conviction, unless the government contends that defendant should only be allowed to withdraw his guilty plea in this case. See *U.S. v. Lewis*, 964 F.Supp. 1513 (D.Kan.1997); *U.S. v. Barron*, 940 F.Supp. 1489 (D.Alaska 1996). If the government concedes that it cannot establish a post-*Bailey* § 924(c) conviction and wishes to limit the relief in this case to a withdrawal of defendant's guilty plea, defendant shall have 20 days to respond to this position.

**IT IS SO ORDERED.**