**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

  v.

GABRIEL ALVAREZ-MORENO,
    *Defendant-Appellant.*

No. 10-10045

D.C. No.
4:08-cr-01482-FRZ-
GEE-1

OPINION

Appeal from the United States District Court
for the District of Arizona
Frank R. Zapata, Senior District Judge, Presiding

Argued and Submitted
March 16, 2011—San Francisco, California

Filed September 13, 2011

Before: Richard A. Paez, Marsha S. Berzon, and
Carlos T. Bea, Circuit Judges.

Opinion by Judge Berzon

## COUNSEL

Francisco Leon, Tucson, Arizona, for Gabriel Alvarez-Moreno.

Robert Lally Miskell, Office of the United States Attorney, Tucson, Arizona, for the United States of America.

**OPINION**

BERZON, Circuit Judge:

This case raises a thorny double jeopardy issue: whether a district court may, in the absence of a motion for new trial by the defendant, order a new trial for a defendant who was tried before the judge but never properly waived his constitutional right to a jury trial.

Defendant-Appellant Gabriel Alvarez-Moreno was indicted in December 2008 on two counts of transporting an illegal alien for profit, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(i). Less than two weeks before Alvarez-Moreno's case was to be tried before a jury, Alvarez-Moreno and the Government agreed to a bench trial instead. When the parties notified the district court of that agreement, the court entered an order vacating the jury trial and setting a bench trial. In the same order, the district court directed Alvarez-Moreno to file a waiver of jury trial, as required by Rule 23(a)(1) of the Federal Rules of Criminal Procedure.

The two-day bench trial concluded on October 15, 2009. Alvarez-Moreno was found guilty. No one noticed at that point that Alvarez-Moreno had not filed the waiver of his right to a jury trial.

A few weeks later, Alvarez-Moreno's attorney filed a "Motion to Set Aside Verdict by Trial Court." The motion argued that the results of the bench trial were invalid, not only because the waiver was never filed, but also because the district court had not personally examined Alvarez-Moreno to ensure that he was voluntarily, knowingly, and intelligently waiving his right to be tried by a jury. The only remedy Alvarez-Moreno requested was that the verdict be set aside. In response, the government asked the court to treat Alvarez-Moreno's motion as an untimely motion for a new trial or, in

the alternative, to declare a mistrial *sua sponte* because of the error.

The district court held a hearing on the motion about a month later. At the hearing, Alvarez-Moreno's attorney expressed uncertainty about the precise relief he was seeking, but did say explicitly that he was *not* asking for a new trial. The district court observed correctly that its failure to ascertain whether Alvarez-Moreno's waiver was knowing, voluntary, and intelligent was structural error and inevitably would result in the reversal of the verdict were there an appeal. *See United States v. Bailon-Santana*, 429 F.3d 1258, 1261 (9th Cir. 2005); *United States v. Duarte-Higareda*, 113 F.3d 1000, 1003 (9th Cir. 1997). In light of that foreordained outcome if it allowed the judgment to stand, the district court construed Alvarez-Moreno's motion as one for a new trial under Rule 33 of the Federal Rules of Criminal Procedure. So construed, the district court granted the motion, vacated the conviction, and ordered a new trial.

Not satisfied, Alvarez-Moreno moved to vacate the new trial order, arguing that a new trial can be granted under Rule 33 only upon the defendant's motion. Alvarez-Moreno also moved to dismiss the indictment, arguing that retrying him would violate the Constitution's Double Jeopardy Clause. The Government agreed that the order granting a new trial was in error and renewed its suggestion that, instead, the district court *sua sponte* order a mistrial. At a subsequent hearing, the district court disagreed with the parties about whether it could order a new trial under Rule 33 absent a defendant's motion, but also (1) modified its prior order by adding an alternative basis for ordering a new trial, relying on Rule 26.3 and finding a manifest necessity for declaring a mistrial; and (2) denied Alvarez-Moreno's motion to vacate its order granting a new trial.

Before the second trial occurred, Alvarez-Moreno filed this appeal. Ordinarily, we do not have jurisdiction to consider

such an appeal, as our jurisdiction is limited to "final decisions of the district courts," 28 U.S.C. § 1291, and a final decision is "a decision by the District Court that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' " *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798 (1989) (quoting *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521 (1988)). "In criminal cases, this [final judgment rule] prohibits appellate review until after conviction and imposition of sentence." *Id.*

There is, however, "a narrow exception" to the final judgment rule, the "collateral order doctrine." *Id.*

> This exception considers as "final judgments," even though they do not "end the litigation on the merits," decisions "which finally determine claims of right separate from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate jurisdiction be deferred until the whole case is adjudicated."

*Id.* (quoting *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949)). Denials of a motion to dismiss on double jeopardy grounds have long been considered immediately appealable under the collateral order doctrine, *see id.*; *Abney v. United States*, 431 U.S. 651, 659-62 (1977), so long as the double jeopardy claim is "at least 'colorable.' " *Richardson v. United States*, 468 U.S. 317, 322 (1984) (quoting *United States v. MacDonald*, 435 U.S. 850, 862 (1978)). A "colorable" claim in this context is one for which there is "some possible validity." *Id.* at 326 n.6. We can summarily dismiss frivolous double jeopardy claims. *Id.* at 322. Alvarez-Moreno has moved for dismissal of the indictment on double jeopardy grounds and, as we explain below, certainly has a colorable double jeopardy claim. We therefore have jurisdiction. *See id.*

## I.

**[1]** The question we must answer is whether retrying Alvarez-Moreno in the present circumstance would constitute double jeopardy. His first trial was a bench trial, and so "jeopardy attache[d] when the court beg[an] to hear evidence." *Serfass v. United States*, 420 U.S. 377, 388 (1975). In the most obvious sense, then, if Alvarez-Moreno is retried on these two counts of transporting an illegal alien for profit, he will be "subject[ed] for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. But double jeopardy jurisprudence is not so straightforward. Based on concepts of consent and "manifest necessity," the double jeopardy precedents in certain circumstances allow trial courts to order retrial of criminal defendants because of legal errors in a prior proceeding. Delving into the consent and manifest necessity caselaw, we conclude that neither set of cases allows retrial under the present circumstances.

### A.

Once jeopardy has attached, there are generally three ways that a criminal defendant in federal court can be retried for the same offense. The first—not directly at issue here, although its underpinnings are informative to our inquiry—is when the defendant is retried after a successful appeal or collateral attack of a conviction.[1] "There is no doubt," in that situation, "that jeopardy attached when [the defendant] was first tried." *United States v. Stapleton*, 494 F.2d 1269, 1270 (9th Cir. 1974). But "a defendant who appeals and is found entitled to a new trial has waived his right to claim double jeopardy at the second trial." *Id.* In other words, by appealing or collaterally attacking his conviction on the basis of a legal error, the

---

[1]The Double Jeopardy Clause does not allow retrial, however, if the conviction is overturned because of a failure of proof at trial. *See Burks v. United States*, 437 U.S. 1, 16 (1978); *see also* 6 Wayne R. LaFave et al., *Criminal Procedure* § 25.4(b) (3d ed. 2007 & Supp. 2010).

defendant is taken to have consented to being retried should he succeed. *See id.*; *see also United States v. Tateo*, 377 U.S. 463, 465-66 (1964); *Stroud v. United States*, 251 U.S. 15, 18 (1919); *Murphy v. Massachusetts*, 177 U.S. 155, 160 (1900); *see generally* LaFave, *supra*, § 25.4.

## B.

**[2]** The second situation in which a federal defendant can be retried after jeopardy attaches is if the district court validly terminates the initial proceeding by declaring a mistrial under Rule 26.3 of the Federal Rules of Criminal Procedure.**²** If that occurs, the defendant can be retried as long as (1) the mistrial was justified by "manifest necessity" or was consented to by the defendant, and (2) there was no judicial or prosecutorial overreaching aimed at triggering the mistrial. *See, e.g.*, *Oregon v. Kennedy*, 456 U.S. 667, 672-74 (1982); *Illinois v. Somerville*, 410 U.S. 458, 463 (1973); *see generally* LaFave, *supra*, § 25.2.

**[3]** Rule 26.3 does not state explicitly that a mistrial can be declared only *before* a verdict is rendered or a judgment entered, but that limitation is clearly the implicit assumption. Justice Story's seminal opinion in *United States v. Perez*, 22 U.S. (9 Wheat.) 579 (1824), for example, describes the court's power to declare a mistrial as "the authority to discharge a jury from giving any verdict." *Id.* at 580. More recently, *Downum v. United States*, 372 U.S. 734 (1963) identified "[t]he classic example [of] a mistrial" as "the jury [being] unable to agree." *Id.* at 736. *Downum* went on to list several other circumstances in which a mistrial may be warranted; all

---

**²**Rule 26.3 provides: "Before ordering a mistrial, the court must give each defendant and the government an opportunity to comment on the propriety of the order, to state whether that party consents or objects, and to suggest alternatives." Fed. R. Crim. P. 26.3. We review de novo a district court's interpretation and application of the Federal Rules of Criminal Procedure. *United States v. Navarro Viayra*, 365 F.3d 790, 793 (9th Cir. 2004).

concern events that occur between the time jeopardy attaches and a verdict is rendered. *See id.* Dictionary definitions, too, presume that a mistrial must be declared pre-verdict. *See, e.g.*, Black's Law Dictionary (9th ed. 2009) (defining "mistrial" as "1. A trial that the judge brings to an end, without a determination on the merits, because of a procedural error or serious misconduct occurring during the proceedings. 2. A trial that ends inconclusively because the jury cannot agree on a verdict.").

Moreover, the requirement that a mistrial be declared only if there is "manifest necessity" necessarily assumes that such a declaration may come only before the conviction. Permitting the court to declare a mistrial *after* the conviction has been determined would violate traditional waiver principles and circumvent the Federal Rules of Criminal Procedure.

**[4]** Instead of coming within the authority to grant a mistrial, as explained below, the district court's authority to order a new trial *after* a verdict has been entered is governed by Rule 33. Insofar as the district court's order for a new trial of Alvarez-Moreno was premised on the post-verdict declaration of a mistrial, therefore, it was error.

## C.

**[5]** Third and finally, a federal defendant can be retried after jeopardy attaches if, after the verdict has been rendered or the judgment has been entered, the district court grants his motion under Rule 33 for a new trial. Rule 33 provides: "*Upon the defendant's motion*, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a) (emphasis added). The Advisory Committee's notes to the 1966 amendments to Rule 33, which added the phrase "Upon the defendant's motion" to the Rule, explain the justification for insisting that any motion for a new trial be made by the defendant himself:

> [T]he first two sentences [of subsection (a)] make it clear that a judge has no power to order a new trial on his own motion, that he can only act in response to a motion timely made by the defendant. Problems of double jeopardy arise when the court acts on its own motion.

Fed. R. Crim. P. 33 advisory committee's notes (1966 amendments).

**[6]** In support of the proposition that "[p]roblems of double jeopardy arise when the court acts on its own motion," the Advisory Committee's notes cite *United States v. Smith*, 331 U.S. 469 (1947). In *Smith*, the defendant argued that even though Rule 33 required him to move for a new trial within five days of the verdict, the trial court could order a new trial on its own motion at any time. *See Smith*, 331 U.S. at 473. *Smith* rejected such a construction of Rule 33 for a number of reasons, including that it would raise Double Jeopardy concerns:

> [I]t would be a strange rule which deprived a judge of power to do what was asked when request was made by the person most concerned, and yet allowed him to act without petition. If a condition of the power is that request for its exercise be not made, serious constitutional issues would be raised. For it is such request which obviates any later objection the defendant might make on the ground of double jeopardy.

*Id.* at 474 (citing *Murphy*, 177 U.S. at 160 (1900) and *Ex parte Lange*, 85 U.S. (18 Wall.) 163 (1873)). In other words, Smith explains that—as with retrial after reversal on appeal—the defendant's consent is the reason double jeopardy is not implicated when the court grants his motion for a new trial under Rule 33. For that reason, a new trial can only be granted under that Rule upon a defendant's motion.

**[7]** Emphasizing this principle—that a Rule 33 motion can be made only by a defendant *Navarro Viayra* held that a district court may not convert a defendant's motion under Rule 29 for judgment of acquittal into a Rule 33 motion for a new trial. *See* 365 F.3d at 795. We must reach a similar conclusion here. Although Alvarez-Moreno declined to specify in his motion what remedy he wanted, he was explicit and emphatic in the hearing before the district court that he did *not* want a new trial, and he moved to vacate the new trial order on double jeopardy grounds once it was issued. The district court therefore erred in converting Alvarez-Moreno's motion, over his objection, into a Rule 33 motion for a new trial.

## II.

**[8]** We are sympathetic to the situation the district court found itself in. A clear legal error had occurred. If and when Alvarez-Moreno appealed, the conviction would have been overturned and the case remanded for a new trial. Under such circumstances, it undoubtedly seemed preferable to cut to the chase and simply order a new trial. But once jeopardy has attached, "the defendant retain[s] primary control over the course to be followed in the event of . . . error." *United States v. Dinitiz*, 424 U.S. 600, 609 (1976). The district court's decision, although understandable, deprived Alvarez-Moreno of any such control.[3]

---

[3]Considering a counterfactual demonstrates the danger in sanctioning the district court's grant of a new trial in these circumstances: If Alvarez-Moreno had not taken an interlocutory appeal, and was retried and convicted at the second trial ordered by the district court. Alvarez-Moreno would no doubt appeal and have a strong argument that because he never consented, his second trial violated double jeopardy. *See, e.g.*, *United States v. Patterson*, 381 F.3d 859, 862-63 (9th Cir. 2004). But insofar as the first trial was invalid, too, because of the insufficient waiver of the right to a jury trial, *see Bailon-Santana*, 429 F.3d at 1261; *Duarte-Higareda*, 113 F.3d at 1003, properly convicting Alvarez-Moreno likely would require a *third* trial (assuming a third trial even would be permissible in such circumstances). Better, in our view, to engage in a little formalism now to avoid a bigger quagmire in the future.

**[9]** We therefore vacate the district court's December 11, 2009 order that set aside the conviction and ordered a new trial under Rule 33, as well as its January 26, 2010 order that also justified the new trial by declaring the first proceeding a mistrial under Rule 26.3. We remand with instructions to deny Alvarez-Moreno's "Motion to Set Aside Verdict by Trial Court," which cites no rule or authority and was procedurally improper. If Alvarez-Moreno wants to correct the legal error, he can make a proper motion under Rule 33 for a new trial, or he can appeal the final judgment after he is sentenced; in either event, under the principles discussed earlier, he would have consented to retrial. Alternatively, Alvarez-Moreno may view those two routes as merely prolonging the inevitable, and so may decide that he does not want to undergo the stress of another trial. If so, he is, of course, entirely free to forego any Rule 33 motion or appeal and accept the sentence meted out on the basis of the conviction after it is reinstated upon remand. That sentence would "not [be] void, but voidable, and if the sentence [is] complied with he could not [be] punished again for the same offense." *Murphy*, 177 U.S. at 160.

**REMANDED.**