**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff – Appellee, | |
| v. | No. 15-2165 |
| | (D.C. Nos. 1:14-CV-00996-LH-KBM and |
| WARREN RIVERA, | 1:11-CR-01204-LH-1) |
| | (D. New Mexico) |
| Defendant - Appellant. | |

**ORDER DENYING**
**CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **LUCERO** and **McHUGH**, Circuit Judges.

Warren Rivera, a federal prisoner appearing pro se, seeks a certificate of

appealability (COA) to appeal the district court's dismissal of his motion for relief under

28 U.S.C. § 2255. We deny the request for COA and dismiss the appeal.

On April 4, 2011, Mr. Rivera got into an argument with his girlfriend, Valentina

Gonzalez. Ms. Gonzalez called her parents, who were on their way to Mr. Rivera's

apartment to babysit Ms. Gonzalez's daughter. Her mother called 911 to report the

dispute. When Ms. Gonzalez's parents arrived at Mr. Rivera's apartment building, they

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule Appellate Procedure 32.1 and 10th Circuit Rule 32.1.

found him arguing with Ms. Gonzalez in the street. Ms. Gonzalez's father confronted Mr. Rivera, who produced a pistol from his waistband and threatened to kill her father. Mr. Rivera then grabbed Ms. Gonzalez and walked to a bus stop, leaving her parents behind. Ms. Gonzalez's mother again called 911.

A police officer responding to the call drove to the bus stop, where he found Mr. Rivera and Ms. Gonzalez. As the officer got out of his vehicle, he saw Mr. Rivera hand something to Ms. Gonzalez. The officer restrained both Mr. Rivera and Ms. Gonzalez, and in doing so found a pistol in Ms. Gonzalez's waistband. She later testified Mr. Rivera foisted the pistol on her when the officer arrived.

A grand jury returned a single-count indictment charging Mr. Rivera with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Before trial, the Government filed a motion in limine, seeking to admit the recorded 911 calls as evidence. In the face of Mr. Rivera's objections, the government withdrew its request to admit the first 911 call and the district court denied the Government's motion with respect to that recording. The district court admitted the second 911 call at trial, and the Government played the recording for the jury. While the audio of the second 911 call was playing, however, two jurors were inadvertently given a transcript of the first 911 call. The error came to light when the jurors sent a note to the court stating, "Two of the jurors inadvertently saw a transcript of [the] first telephone call to 911. If it was introduced as evidence, they would like to have that transcript now." The court responded with a curative instruction, stating, "The transcript referred to was not admitted in

2

evidence. It may not be considered in your deliberations." Trial counsel did not request a mistrial at that time.

The jury returned a guilty verdict, and Mr. Rivera's trial counsel moved for a mistrial. The district court denied the motion on two grounds: first, that the motion was not timely filed and, second, that Mr. Rivera had failed to demonstrate any prejudice resulted from the error that was not cured by the district court's curative instruction. Mr. Rivera appealed his conviction, and a panel of this court affirmed in an unpublished decision. *United States v. Rivera*, 554 F. App'x 735, 736 (10th Cir. 2014).

Mr. Rivera then filed this § 2255 motion, alleging four instances of ineffective assistance of trial and appellate counsel and a claim of cumulative error. The district court denied relief on all claims and denied a COA. Mr. Rivera now seeks a COA to appeal only one of the issues raised below: his claim that trial counsel rendered ineffective assistance by failing to timely move for a mistrial.

In the context of a § 2255 motion, we will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A defendant can make such a showing by demonstrating "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). "Such a showing is made only where a prisoner demonstrates that jurists of reason would find it debatable that a constitutional violation occurred, and that the district court erred in its resolution." *United States v. Pinson*, 584

3

F.3d 972, 975 (10th Cir. 2009) (internal quotation marks omitted). Unless we grant a COA, we lack jurisdiction to consider the merits of a § 2255 appeal. *See Miller-El v. Cockrell*, 537 U.S. 322, 342 (2003).

Because Mr. Rivera's § 2255 motion raises claims of ineffective assistance of counsel, we must analyze his claim in light of the two-part test for ineffective assistance established in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a defendant must show (1) "that counsel's performance was deficient" and (2) "that the deficient performance prejudiced the defense." *Id.* at 687. To satisfy the first element, a defendant must demonstrate "that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. For the second element, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Because a defendant must satisfy both *Strickland* elements to succeed on an ineffective-assistance claim, we are free to consider the elements in any order and need not address both "if the defendant makes an insufficient showing on one." *Id.* at 697.

Mr. Rivera argues his trial counsel performed deficiently by failing to move for a mistrial before the jury rendered its verdict. And, indeed, the trial court ruled it lacked the power to entertain a postverdict motion for a mistrial, relying on the Ninth Circuit's decision in *United States v. Alvarez-Moreno* for the proposition that "Federal Rule of Criminal Procedure 26.3 'does not state explicitly that mistrial can be declared only *before* a verdict is rendered or a judgment entered, but that limitation is clearly the implicit assumption.'" (Quoting 657 F.3d 896, 900 (9th Cir. 2011).) But even if we

4

determined Mr. Rivera's trial counsel performed deficiently by failing to move for a mistrial before a verdict was returned, we cannot conclude Mr. Rivera was prejudiced by that failure because the district court nevertheless considered the motion for mistrial and found it without merit.

Mr. Rivera asserts the district court's ruling that it lacked the power to grant a mistrial after the verdict was rendered "implies that the court may have granted the motion had it been properly raised." But the record belies this assertion. In ruling on the motion for mistrial, the district court explained "even if the Court could consider the Motion, it would have to be denied for the reasons stated in the Memorandum Opinion and Order addressing Defendant's Refiled Motion for a New Trial." In that order, the district court explained that "Defendant has made no effort to inform the Court what harm, if any, resulted" from the jurors' exposure to the unadmitted transcript. The district court also ruled that "any possible harm was cured by the Court's response to the Jury: 'The transcript referred to was not admitted in evidence. It may not be considered in your deliberations.'" The district court therefore ruled that a mistrial was not warranted.

The district court's orders unambiguously demonstrate it would have denied Mr. Rivera's motion for a mistrial irrespective of whether it was timely filed.[1] Mr. Rivera was therefore not prejudiced by his counsel's failure to timely file the motion, because he cannot demonstrate "the result of the proceeding would have been different" had counsel

---

[1] We note that, in the context of an ineffective-assistance-of-counsel claim, the correctness of the district court's ruling on the motion for a mistrial is not before us. Rather, we consider only whether counsel's allegedly deficient performance—failure to timely file the motion—had any effect on the outcome.

timely filed. *Strickland*, 466 U.S. at 694. Because Mr. Rivera cannot demonstrate prejudice on his *Strickland* claim, he has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, we deny Mr. Rivera's request for a COA and dismiss this appeal.

ENTERED FOR THE COURT


Carolyn B. McHugh
Circuit Judge